UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00006-PB |
| | ) | |
| CHRISTOPHER CANTWELL | ) | |
| _____ | ) | |

ASSENTED-TO MOTION FOR PROTECTIVE ORDER

On January 22, 2020, defendant Christopher Cantwell was charged by a federal grand jury with extortionate interstate communications, in violation of 18 U.S.C. § 875(b), and threatening interstate communications, in violation of 18 U.S.C. § 875(c). Defendant was arrested the following day, on January 23, 2020, and the government's initial Rule 16 disclosure is due on February 6, 2020. For the reasons set forth below, the United States requests a protective order limiting disclosure of discovery materials and limiting certain extrajudicial statements.

Discovery in this case includes reports, communications, photographs, pole camera footage, and documents showing financial transactions. In addition, the underlying crimes relates to defendant's alleged attempt to obtain personal information for an individual using a pseudonym so that defendant could "dox"[1] that person. Due to the sensitive nature of the materials included in discovery and the nature of the charged offenses, the United States requests that the Court enter an order directing that the defendant and the defense team maintain the confidentiality of certain information provided in discovery.

Accordingly, the United States requests that the Court issue a protective order directing that:

---

[1] Dox" means to reveal a person's personal information on the internet in an attempt to expose the person, typically with malicious intent.

(A) For purposes of this Order, the term "defense team" means defense counsel, defense counsel's staff, and anyone directly engaged by defense counsel to assist in preparing and presenting a defense in this case, including expert witnesses, private investigators, and any other professional consultants participating in preparing the defense;

(B) The discovery shall be used by the defendant and the defense team only as necessary to prepare and present a defense in this case;

(C) Defense counsel shall provide copies of the discovery only to other members of the defense team and the defendant, except that defense counsel may show but not provide the defendant with copies of any photographs, images, or documents containing personal or identifying information related to the alleged victim or victim's family;

(D) The defense team and defendant shall not further disseminate documents or recordings provided in discovery or disclose to others the contents of the documents or recordings without further order of the Court;

(E) The defense team may show copies of discovery (but not provide hard or electronic copies) to lay witnesses as necessary to prepare and present a defense in this case. To the extent not already redacted, the defense team shall redact all personal identifiable information related to witnesses, the alleged victim, or the victim's family, defined in Rule 49.1(a) of the Federal Rules of Criminal Procedure, before showing discovery to a lay witness; and

(F) Defendant shall have no direct or indirect contact with any victim or witness, including but not limited to using names or identifying them by specific characteristics on social media or radio broadcast.

Counsel for the government has conferred with counsel for the defendant on this motion, and counsel assents to the attached proposed protective order at this time.

Respectfully submitted,

SCOTT W. MURRAY
United States Attorney

Date: February 3, 2020

By: /s/ Anna Krasinski
Anna Krasinski
John S. Davis
Assistant U.S. Attorneys
53 Pleasant Street, 4th Floor
Concord, NH  03301
(603) 225-1552