# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                     )         No. 1:20-cr-006-PB<br>)<br>CHRISTOPHER CANTWELL           )<br>)| |

## GOVERNMENT'S MOTION TO CONTINUE TRIAL

The United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, hereby moves to continue the trial in the above-captioned case, currently scheduled for the two-week period beginning June 2, 2020, for a period of approximately 30 days. In support of its motion, the government states as follows:

1. The defendant was indicted on January 22, 2020, and charged with Extortionate Interstate Communications, 18 U.S.C. § 875(b) (Count 1), and Threatening Interstate Communications, 18 U.S.C. § 875(c) (Count 2).

2. The defendant was arrested on January 23, 2020, and has been detained since then. Trial is set for the two-week period beginning June 2, 2020.

3. Since the indictment, the government has identified potential additional charges against the defendant related to the charged counts. The additional charges would be properly joined with the existing counts under Fed. R. Crim. P. 8(a). The government intends to present the additional charges to a grand jury in a superseding indictment. Ordinarily it would have done so by now. However, due to the ongoing Covid-19 pandemic, no grand jury has sat in this District since March 4, 2020, and the government has therefore been unable to present a timely superseding indictment in this case. Currently, the first time a grand jury is scheduled to sit is June 10, 2020, after the scheduled initial trial date.

4.  Under these circumstances, a continuance of approximately 30 days would serve the ends of justice, which outweigh the best interests of the public and the defendant in a speedy trial on the existing charges. *See* 18 U.S.C. § 3161(h)(7)(A). Assuming that the grand jury votes to indict on additional charges, ordering a brief continuance would allow the government to consolidate all related charges in a single superseding indictment prior to trial, and would prevent the duplication of efforts and possibly avoid the need for a second trial. *See United States v. Villano*, 129 F.R.D. 32, 34 (W.D.N.Y. 1989) (granting parties' joint motion for continuance in interests of justice based on anticipated superseding indictment adding charges). *Cf.* 18 U.S.C. § 3161(b) (extending for additional thirty days the period of time for filing indictment in district in which no grand jury has been in session during thirty-day period).

5.  Further, the requested 30-day continuance would permit the government to complete its ongoing efforts to provide discovery materials sought by the defendant. The government has already produced in discovery 932 files and 2.94 GB of data, including two hard drives, one flash drive, and ten CDs of jail calls. However, the defendant has made specific discovery requests regarding electronic information potentially possessed by the Federal Bureau of Investigation (particularly regarding alleged statements and actions of the victim and his alleged associates), and the government has worked diligently to identify and disclose responsive information in the FBI's files. But the Covid-19 pandemic has severely affected the government's ability to search and process electronic data (in part because assigned agents must remain out of the office every other week and cannot access secure databases from home), and the government has not yet completed and reviewed its FBI-wide searches for material requested by the defense. The continuance sought herein would permit the government to provide the requested discovery materials sufficiently in advance of trial. *See United States v. Apicelli*, 839

F.3d 75, 84 (1st Cir. 2016) (affirming district court's ends-of-justice continuance where defendant filed discovery motion).

6. Counsel for the defendant objects to this motion.

### Conclusion

7. For the reasons stated, the United States respectfully requests that the Court continue the trial in this matter, now set to begin in the two-week period commencing June 2, 2020, for a period of approximately 30 days.

April 29, 2020                                                              Respectfully submitted,

Scott W. Murray
United States Attorney

By:     /s/ John S. Davis
        John S. Davis
        Anna Krasinski
        Assistant U.S. Attorneys
        53 Pleasant Street, 4th Floor
        Concord, NH  03301
        (603) 225-1552