IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | No. 20-CR-00006-PB |
| | ] | |
| CHRISTOPHER CANTWELL | ] | |
| | ] | |

**<u>OBJECTION TO STATE'S MOTION TO CONTINUE TRIAL</u>**

Christopher Cantwell respectfully objects to the Government's motion to continue the jury trial in this case, currently scheduled for jury selection on June 2, 2020.[1]

As grounds for this objection, it is stated:

FACTUAL BACKGROUND

In 2018 and 2019, Christopher produced a controversial call-in online radio show. In 2019, he reported the receipt of threats, computer hacks, and harassment to law enforcement. In February 2019, Christopher made it known publicly that he "submitted a criminal complaint to the FBI" in hopes of discouraging continued online harassment. Christopher continued to seek out assistance during the summer of 2019 from his local police department in Keene and federal law enforcement. The FBI interviewed the Defendant twice, once in September and a second time in October 2019.

During those interviews, Chris discussed a private online communication from June 15 and 16, 2019. That communication forms the basis of the present charges. Beginning on June 15 and into June 16, Chris messaged with a man known online as

---

[1] No memorandum accompanies this motion because one is not necessary as the government has assented to the motion.

1

"CM." CM is a pseudonym. He is a member of an online hate group, referred to as Bowl Gang (aka Bowl Patrol), expressing support for mass-murder. Christopher believed that the Bowl Gang was "responsible for constant spam and harassment" and cited the group and its members in his February complaint to the FBI. Christopher's assertions that Bowl Gang members were behind this harassment is supported by CM's public acknowledgment of such calls to Christopher's show.

In June 2019, Christopher private messaged CM over a social media platform. That conversation included statements that the Government characterizes as a true threat. CM did not report the allegedly threatening message to police, but, instead, shared them with his compatriots. They were posted on the Bowl Gang's social media website within the day. Other than obscuring a photograph and address, the text of his exchange with Christopher has been publicly available on the internet since June 17, 2019. Following the exchange, CM called into Christopher's radio show and posted on his group's website a screed calling Christopher a "fed snitch nigger kike" and asserting that Christopher's efforts at getting personal information during the online exchange were "pathetic." The FBI approached CM months later, after meeting with Christopher, to discuss the June communications.

In January 2020, the United States Attorney's Office indicted Christopher, alleging that portions of the June 2019 exchange with CM constituted true threats that violated (b) and (c) of 18 U.S.C. § 875. Prior to obtaining this indictment, the Government presumably evaluated the evidence in the case—including the text of the written exchange, Christopher's statements to the FBI, and statements from CM—and

considered those facts in the context of the criminal code. The Government thereafter determined the appropriate and applicable charges and sought and obtained an indictment alleging violations of sections (b) and (c) of 18 U.S.C. § 875. Christopher was immediately arrested on these charges and, upon the Government's motion for detention, has been incarcerated pending trial since his arrest.

ARGUMENT

On April 29, 2020, the Government filed a motion to continue Christopher's trial citing two factors: (1) that no grand jury is scheduled to convene prior to jury selection, and thus it cannot bring additional felony charges prior to the scheduled trial date, and (2) their continuing efforts to obtain and sort through discovery material requested by the Defense.

The Government wishes to supersede with an indictment alleging additional offenses. Its motion does not indicate when its intention to supersede arose, but reports that a grand jury last convened in early March. The Defense understands that these new charges will involve the June 2019 online communication, but will cite different offenses under the criminal code. The facts supporting these "new" charges were known to the Government at the time it brought the indictment in January.

This case is based on a preserved writing. Neither its contents nor the criminal code have changed since Christopher's indictment. The Government has the sole authority to determine when to bring a criminal indictment and what charges to allege. It had time to evaluate its case and settle on a charging strategy before doing so. Whether

the Government did not seek a broader indictment in January strategically or because alternative charges were not then on their mind, neither reason justifies setting aside Christopher's speedy trial rights to accommodate the Government's revised position. Christopher is incarcerated. He is incarcerated because the Government indicted him and then sought his detention. He is incarcerated even though there is an ongoing pandemic. His case should not be delayed because the Government now wishes it had brought a more comprehensive indictment and finds itself unable to do so as trial approaches.

The Government also asserts that a continuance is warranted to allow time to gather discovery requested by the Defense. The Defense produced a broad discovery letter to the Government on January 27, 2020 and made specific requests for Discovery on March 6, with follow-up letters on March 10 and April 3, 2020. Although the pandemic has slowed work flow, the Government has had significant time to gather, collect, and review these materials following their request. The Government's agents may be working only half-time, but the Defendant's condition remains unchanged; he is detained in jail upon a plea of not guilty awaiting trial. Discovery review in the case of an incarcerated pre-trial defendant with an approaching trial date should be a priority such that it is resolved prior to trial.

In addition to bringing this case on the Government's preferred time-clock, the Government sought detention pending trial from the outset. The Defendant's detention has fundamentally altered this case's timing and trajectory. The Defendant must evaluate his trial options cognizant that a delay will extend his incarceration and diminish his chances of recovering housing, stability, and the semblance of a normal life after trial. The Government's request would be viewed quite differently from the Defendant's

4

vantage point had it not sought his detention pending trial.

This case is scheduled for trial in June and discovery review and production is ongoing. Without reviewing the discovery materials, the Defense cannot determine whether this new information would alter its trial strategy, increase the pool of relevant witnesses, or suggest further investigation such that a continuance would be necessary. Should the Government provide these materials, the Defense may consider revising its position on the Government's motion, but as things currently stand, the Defendant invokes his right to a speedy trial and objects to the Government's motion to continue.

Date: May 4, 2020                                    Respectfully submitted,

                                                     */s/ Eric Wolpin*
                                                     Eric Wolpin
                                                     N.H. Bar #18372
                                                     Assistant Federal Public Defender
                                                     Eric_Wolpin @fd.org

                                                     */s/ Jeff Levin*
                                                     Jeff Levin
                                                     N.H. Bar # 12901
                                                     Assistant Federal Public Defender
                                                     Jeff_Levin@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2020 the above document was served electronically upon all counsel of record through the CM/ECF filing system.

                                                     */s/ Eric Wolpin*
                                                     Eric Wolpin