UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:20-cr-00006-PB |
| ) | |
| CHRISTOPHER CANTWELL ) | |
| _____) | |

## MOTION FOR REVISED PROTECTIVE ORDER

On January 22, 2020, defendant Christopher Cantwell was charged by a federal grand jury with extortionate interstate communications, in violation of 18 U.S.C. § 875(b), and threatening interstate communications, in violation of 18 U.S.C. § 875(c). On February 5, 2020, the Court granted the United States' Assented-To Motion for a Protective Order and entered an agreed protective order in this case. *See* ECF No. 11. For the reasons set forth below, the United States requests a revised protective order that clarifies that the defendant must continue to maintain the confidentiality of the contents of discovery following the conclusion of this case (including any appeals). The defendant opposes this request.

Discovery in this case includes reports, communications, photographs, pole camera footage, and documents showing financial transactions. In addition, the underlying crimes relate to defendant's alleged attempt to obtain personal information for an individual using a pseudonym so that defendant could "dox"[1] that person.

Moreover, the defendant has requested additional discovery including "[a]ny and all state or federal government investigation reports and documentation…from 2016 to the present relating to efforts to identify" members of Bowl Patrol and Vic Mackey, as well as "[a]ny and all FBI investigation reports and/or documentation…from 2016 to the present relating to" the Bowl

---

[1] Dox" means to reveal a person's personal information on the internet in an attempt to expose the person, typically with malicious intent.

Patrol, the victim, Vic Mackey, and former Congressional candidate Paul Nehlen. To comply with this request, the United States has reviewed FBI reports and documentation from throughout the country. The United States is preparing to provide discovery materials responsive to these requests.

Furthermore, the defendant has indicated that, at the conclusion of this case, he intends to publicly disclose information provided in discovery. On May 24, 2020, Cantwell spoke to a podcast host by telephone. That individual recorded the conversation and included it in a podcast released the following day. During that conversation Cantwell stated: "when this is over, I'm going to release the documents that I have in my f*cking cell, and you, and people are going to f*cking, people are going to lose their f*cking heads over this." *So To Speak*, Episode 43, at 22:43-22:54, *available at* https://christophercantwell.com/2020/05/25/s-o-t-o-s-p-e-a-k-ep-438-unite-the-right-was-a-honey-pot/ (last visited June 1, 2020); *see also*, *id.* at 25:10 ("I'm going to release the f*cking documents when this is all over.").[2] In light of the broad discovery defendant is requesting, his plans to disseminate that information are concerning, particularly as it may include information related to other ongoing investigations.

Accordingly, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States requests that the Court issue a protective order directing that:

1. For purposes of this Order, the term "defense team" means defense counsel, defense counsel's staff, and anyone directly engaged by defense counsel to assist in preparing and presenting a defense in this case, including expert witnesses, private

---

[2] Cantwell acknowledges that there is a "discovery agreement" and "that I can't disclose things right now." *So To Speak*, Episode 43, at 22:52-23:00. Cantwell states that when this case is over, that "f*cking agreement expires and I'm going to release all the 302s of all the f*cking interviews and all the people who gave up all these other f*cking people, everybody, everybody who has the f*cking FBI show up at their door goes f*cking crazy and starts giving people up. That is what is happening in the alt-right." *So To Speak*, Episode 43, at 23:01-23:20. The Court's Protective Order (ECF No. 11) does not expire at the conclusion of this case.

investigators, and any other professional consultants participating in preparing the defense;

2. The discovery shall be used by the defendant and the defense team only as necessary to prepare and present a defense in this case;

3. Defense counsel shall provide copies of the discovery only to other members of the defense team and the defendant, except that defense counsel may show but not provide the defendant with copies of any photographs, images, or documents containing personal or identifying information related to the alleged victim or victim's family;

4. The defense team and defendant shall not further disseminate documents or recordings provided in discovery or disclose to others the contents of the documents or recordings without further order of the Court;

5. The defense team may show copies of discovery (but not provide hard or electronic copies) to lay witnesses as necessary to prepare and present a defense in this case. To the extent not already redacted, the defense team shall redact all personal identifiable information related to witnesses, the alleged victim, or the victim's family, defined in Rule 49.1(a) of the Federal Rules of Criminal Procedure, before showing discovery to a lay witness;

6. At the conclusion of this case (including any appeals), the defendant may retain copies of forensic images of the defendant's electronic devices, copies of the defendant's communications, reports of law enforcement contact with the defendant, and reports regarding searches of the defendant's home and vehicle. Within fourteen days of the conclusion of this case, the defendant shall destroy all copies of all other

discovery materials. Defense counsel may retain copies of discovery materials as needed for their records. Following the conclusion of this case, the defense team and defendant shall not further disseminate documents or recordings provided in discovery or disclose to others the contents of the documents or recordings without further order of the Court; and

7. Defendant shall have no direct or indirect contact with any victim or witness, including but not limited to using names or identifying them by specific characteristics on social media or radio broadcast.

The proposed revised protective order is identical to the order entered by the Court (ECF No. 11) with the addition of the language identified in paragraph 6 above.

Due to the sensitive nature of the materials included in discovery, the broad discovery sought by the defendant, and the defendant's statements expressing that he intends to disclose discovery materials upon the conclusion of this case, the United States respectfully requests that the Court enter a revised protective order confirming that the defendant must continue to maintain the confidentiality of the information disclosed in discovery after the conclusion of this case.

                                                Respectfully submitted,

                                                SCOTT W. MURRAY
                                                United States Attorney

Date: July 21, 2020                           By:    /s/ Anna Krasinski
                                                                    Anna Krasinski
                                                                    John S. Davis
                                                                    Assistant U.S. Attorneys
                                                                    53 Pleasant Street, 4th Floor
                                                                    Concord, NH 03301
                                                                    (603) 225-1552