UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:20-cr-00006-PB |
| ) | |
| CHRISTOPHER CANTWELL ) | |
| _____) | |

REVISED PROTECTIVE ORDER

Upon consideration of the government's motion for a revised protective order under Rule 16(d)(1) of the Federal Rules of Criminal Procedure regarding discovery ("the discovery") provided to defense counsel, and regarding any contact by the defendant with any victim and witness, it is hereby

**ORDERED**

(1) For purposes of this Order, the term "defense team" means defense counsel, defense counsel's staff, and anyone directly engaged by defense counsel to assist in preparing and presenting a defense in this case, including expert witnesses, private investigators, and any other professional consultants participating in preparing the defense;

(2) The discovery shall be used by the defendant and the defense team only as necessary to prepare and present a defense in this case;

(3) Defense counsel shall provide copies of the discovery only to other members of the defense team and the defendant, except that defense counsel may show but not provide the defendant with copies of any photographs, images, or documents containing personal or identifying information related to the alleged victim or victim's family;

(4) The defense team and defendant shall not further disseminate documents or recordings provided in discovery or disclose to others the contents of the documents or recordings without further order of the Court;

(5) The defense team may show copies of discovery (but not provide hard or electronic copies) to lay witnesses as necessary to prepare and present a defense in this case. To the extent not already redacted, the defense team shall redact all personal identifiable information related to witnesses, the alleged victim, or the victim's family, defined in Rule 49.1(a) of the Federal Rules of Criminal Procedure, before showing discovery to a lay witness;

(6) At the conclusion of this case (including any appeals), the defendant may retain copies of forensic images of the defendant's electronic devices, copies of the defendant's communications, reports of law enforcement contact with the defendant, and reports regarding searches of the defendant's home and vehicle. Within fourteen days of the conclusion of this case, the defendant shall destroy all copies of all other discovery materials.  Defense counsel may retain copies of discovery materials as needed for their records.  Following the conclusion of this case, the defense team and defendant shall not further disseminate documents or recordings provided in discovery or disclose to others the contents of the documents or recordings without further order of the Court; and

(7) Defendant shall have no direct or indirect contact with any victim or witness, including but not limited to using names or identifying them by specific characteristics on social media or radio broadcast.

Date: July 27, 2020

/s/ Paul Barbadoro
Hon. Paul J. Barbadoro
United States District Judge