UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.     ) | No. 1:20-cr-006-PB |
| ) | |
| CHRISTOPHER CANTWELL ) | |
| ) | |

GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF POLITICAL OPINIONS, ENDORSEMENTS OF VIOLENCE, OR RACIST OR ANTI-SEMITIC STATEMENTS ATTRIBUTED TO VICTIM OR VICTIM'S ASSOCIATES

The United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, hereby moves in limine to exclude evidence offered by the defendant of political opinions, endorsements of violence, or racist or anti-Semitic statements attributed to the victim or the victim's associates.  In support of its motion, the government states as follows:

1.    The defendant is charged with Extortionate Interstate Communications, 18 U.S.C. § 875(b) (Count 1), Threatening Interstate Communications, 18 U.S.C. § 875(c) (Count 2), Threat to Injure Reputation, 18 U.S.C. § 875(d) (Count 3), and Cyberstalking, 18 U.S.C. § 2261A(2) (Count 4).  Among the defendant's threatening statements to the victim, made in a chat on the Telegram Messenger app, was, "So if you don't want me to come and f*ck your wife in front of your kids, then you should make yourself scarce."

2.    The victim was for a period of time a member of an online alt-right group called The Bowl Patrol (in recognition of the hair style of Dylann Roof, who massacred members of a Black church in South Carolina).  The Bowl Patrol made a number of podcasts, known as "Bowlcasts," which were released on the internet.  The Bowlcasts featured shocking and highly offensive content, including endorsements of violence, misogyny, and racism and anti-Semitism.

3.      In discovery communications with the government, the defendant has stated that evidence regarding The Bowl Patrol's communications is relevant and necessary to the defense, including any statements about rape intended as jokes.  According to the defendant, any information regarding The Bowl Patrol, including members' beliefs, threats, and public positions, is relevant in this case.  The government anticipates that the defendant will attempt to introduce a potentially wide range of evidence about members of The Bowl Patrol and perhaps other alt-right internet figures, demonstrating that those persons hold abhorrent political views, denigrate women, minorities, and Jews, and endorse white supremacist violence and murder.

4.      This Court should exclude such evidence, since it has no relevance in this extortion and cyberstalking case.  Unlike, for example, homicide or assault, the charged offenses are not susceptible to affirmative defenses such as necessity, duress, provocation, or self-defense. *See United States v. Sovie*, 133 F.3d 122, 126 (2d Cir. 1997) (no defense of provocation in extortion case); *United States v. Lebreault-Feliz*, 807 F.3d 1, 3-4 (1st Cir. 2015) (explaining elements of affirmative defenses of duress and necessity). Instead, the charged offenses require proof that the defendant privately threatened the victim and attempted to harass and intimidate him, acting with the intent to coerce him into disclosing personal information about "Vic Mackey" (the online pseudonym of the acknowledged leader of the Bowl Patrol) so the defendant could "dox" Mackey.  The political views and the reprehensible statements of the victim therefore have no bearing on the very specific and limited elements before the jury.  *See United States v. Martinez*, 988 F.2d 685, 701-02 (7th Cir. 1993) (upholding exclusion of evidence of victims' racist attitudes and affiliations).  Because the evidence in question has no tendency to make a consequential fact more or less probable than it would be without the evidence, it is not admissible and ought to be excluded.  Fed. R. Evid. 401.

5.     Just as the victim's own beliefs and statements are irrelevant and inadmissible, all the more so is evidence of the beliefs or statements of the victim's associates.  Conduct or opinions of third parties having nothing to do with the charged offenses should be excluded as irrelevant.

6.     Moreover, even if evidence of the beliefs and statements of the victim or members of the Bowl Patrol has some slight relevancy, the probative value of that evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  This is an extortion case; the defendant is not on trial for his political views, and neither is the victim.  But if the defense is permitted to introduce evidence of the Bowl Patrol's "beliefs, threats, and public positions," the jury will likely be distracted and potentially unable to focus on the legal issues properly before them.  Likewise, should the defendant attempt to introduce evidence regarding the unpopular beliefs and statements of the victim and his associates, he would invite "collateral mini-trials" regarding the context and sincerity of those expressions.  *See United States v. Waloke*, 962 F.2d 824, 830 (8th Cir. 1992) (affirming exclusion of specific violent acts by victim, while permitting evidence of victim's reputation, where specific acts evidence would have spawned confusing factual disputes over collateral matters).  What's more, evidence of the victim's beliefs and statements would likely "open the door" to otherwise inadmissible evidence of the defendant's own racist and misogynistic essays on the internet.  *See* Fed. R. Evid. 404(a)(2)(B)(ii).  This Court should exercise its considerable discretion under Rule 403 to exclude the evidence in question and thereby prevent a derailment of the trial.  *See United States v. Kilmartin*, 944 F.3d 315, 337-38 (1st Cir. 2019) (holding that extensive "anecdotal background evidence" regarding victims "unfairly prejudiced the defendant because it dwelled upon the desperation of severely depressed individuals in what amounted to a blatant attempt to engage

and inflame the jurors' passions"); *United States v. Fulmer*, 108 F.3d 1486, 1498 (1st Cir. 1997) (holding that evidence of Oklahoma City bombing and deaths "serve[d] only to evoke an improper emotional response from the jury, distracting the jury from careful consideration of the relevant issues before it" and thereby prejudicing defendant).

7. To be sure, it is possible that a specific statement or statements of the victim himself may be relevant and admissible, as bearing on the defendant's state of mind and intent in committing the acts charged in the indictment. In particular, a prior statement of the victim, tending to show that the victim might regard an ostensible threat to rape as unserious or a joke, could be relevant as to whether the defendant, in the context of his communications with the victim, intended to make a "true threat." But to introduce such a hypothetical statement of the victim, the defendant should at a minimum be required to show that (1) the statement was the victim's, not a third party's; (2) the statement was made prior to the charged extortion crimes; and (3) most importantly, the defendant knew about the victim's statement when he committed the acts alleged in the indictment. *Cf. United States v. Smith*, 230 F.3d 300, 308 (7th Cir. 2000) ("It is only when the specific instances of [the victim's] conduct are known to the one claiming self-defense, and thus could have factored into the decision making process that resulted in the act, that such instances should be admissible as essential elements of the claim"). Although prior statements of the victim about which the defendant was ignorant might still be admissible to impeach during the cross-examination of the victim (depending on the victim's direct testimony), they would have no bearing on the defendant's intent or state of mind. In any event, whether the defendant will offer prior statements of the victim that are admissible and probative on the "true threat" issue is unknown at this time, and cannot be resolved by way of a pretrial motion in limine.

## Conclusion

8.     For the reasons stated, this Court should order in limine that any evidence, offered either directly or indirectly, through witness testimony, exhibits, or arguments or questions of counsel, of political opinions, endorsements of violence, or racist or anti-Semitic statements attributed to the victim or the victim's alleged associates, shall be excluded from the trial.

September 2, 2020                                         Respectfully submitted,

                                                          Scott W. Murray
                                                          United States Attorney


                                           By:     /s/ John S. Davis
                                                   John S. Davis
                                                   Anna Krasinski
                                                   Assistant U.S. Attorneys
                                                   53 Pleasant Street, 4th Floor
                                                   Concord, NH  03301
                                                   (603) 225-1552