UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:20-cr-006-PB |
| ) | |
| CHRISTOPHER CANTWELL ) | |
| ) | |

GOVERNMENT'S MOTION IN LIMINE TO
EXCLUDE EVIDENCE OF OTHER ACTS OF THIRD PARTIES

The United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, hereby moves in limine to exclude evidence offered by the defendant of acts of third parties that allegedly harassed or caused disruptions of the defendant's entertainment and media businesses. In support of its motion, the government states as follows:

1. The defendant is charged with Extortionate Interstate Communications, 18 U.S.C. § 875(b) (Count 1), Threatening Interstate Communications, 18 U.S.C. § 875(c) (Count 2), Threat to Injure Reputation, 18 U.S.C. § 875(d) (Count 3), and Cyberstalking, 18 U.S.C. § 2261A(2) (Count 4). The defendant's expressed motive in committing the charged crimes, which occurred over a three-day span in June 2019, was to obtain the personal information of a man known on the internet as "Vic Mackey," so the defendant could "dox" the man by publicizing his real name and identifying information. Vic Mackey was the acknowledged leader of The Bowl Patrol, an online alt-right group of which the victim was a member. The defendant apparently believed that the victim was in possession of Vic Mackey's personal information, and tried to coerce the victim into disclosing the information to him by threats, intimidation, and harassment.

2. The defendant frequently complained in 2018 and 2019 that he and his businesses were victims of intentional disruptions and harassment, including prank calls into his live call-in

show and defacement of his website, by other persons, including members of The Bowl Patrol. In February 2019, the defendant vowed in a chat group that he was "going to ruin the people who came after me." GX 303.  And in March 2019 the defendant wrote that he had "dox" on "several of these Bowl Patrol idiots and I'm gonna start dropping them until they rat out Vic." GX 304.

3. The defendant is expected to offer evidence that he was victimized in the manner described, and that other persons, including the victim and Vic Mackey, committed "other acts" that harmed his businesses.

4. The Court should exclude any evidence that third persons (other than Vic Mackey or the victim), or unknown persons, harassed or disrupted the defendant's business, since it has no relevance in this extortion and cyberstalking case involving the defendant's private threats against a single victim. This is so because the defendant cannot establish the affirmative defenses of justification, self-defense, or provocation in this extortion case. *See United States v. Lebreault-Feliz*, 807 F.3d 1, 3-4 (1st Cir. 2015) (explaining elements of affirmative defenses of duress and necessity); *United States v. Sovie*, 133 F.3d 122, 126 (2d Cir. 1997) (no defense of provocation in extortion case). Indeed, the evidence will show that the charged crimes, which were committed patiently and deliberately via the internet over the course of a few days, were not an impassioned response to an immediate provocation, but instead occurred after significant planning and preparation over a period of months. *See United States v. Mussayek*, 338 F.3d 245, 256-57 (3d Cir. 2003) (in affirming denial of downward departure for victim provocation in extortion case, emphasizing that defendant struck back, against victims who had scammed him, long afterwards after planning and calculation). Nor is the character of any third person a relevant issue in the trial. Simply put, whether or not other persons harassed the defendant's

2

business prior to his extortionate communications with the victim in June 2019 has no bearing on the charged offenses.  Fed. R. Evid. 401.

5. This is particularly true because it may be difficult or impossible to establish the identity of the individual or individuals behind any particular act of harassment against the defendant.  Acts of unknown origin, which cannot be attributed to any particular person, prove nothing and must be excluded.  *See United States v. May*, 359 F.3d 683, 689 (4th Cir. 2004) ("the fact that a neighbor had a generator stolen and assumed [the victim] was the thief is not conduct that can, without some proof, be attributed to [the victim]" for purposes of U.S.S.G. § 5K2.10).

6. Further, even if evidence of "other acts" of known or unknown third persons to harass or disrupt the defendant has some slight relevancy, the probative value of that evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues.  If the defendant is allowed to parade before the jury his various grievances about being harassed, regardless of who was behind the conduct, the jury may be required to focus on confusing questions of agency and intent regarding events that are entirely collateral to the charged crimes.  This Court should therefore exclude the evidence under Rule 403.

7. The instant motion in limine extends only to evidence of harassment or disruptions by third parties, known or unknown, other than Vic Mackey or the victim.  The government anticipates that evidence of specific acts against the defendant by Vic Mackey, if reliably attributed to Mackey and known by the defendant at the time of the charged offenses, may be admissible as evidence of the defendant's motive to extort.  Likewise, evidence of the victim's prank calls into the defendant's call-in show in late 2018 and early 2019 may be admissible to establish the context of the defendant's communications with the victim in June

2019.  But the Court should draw a bright line and exclude other acts of third parties to harass or disrupt the defendant as irrelevant.

### Conclusion

8.     For the reasons stated, this Court should order in limine that any evidence, offered either directly or indirectly, through witness testimony, exhibits, or arguments or questions of counsel, of "other acts" of third parties that harassed or disrupted the defendant or his businesses, shall be excluded from the trial.

September 3, 2020                                        Respectfully submitted,

                                                                      Scott W. Murray
                                                                      United States Attorney


                                               By:     /s/ John S. Davis
                                                          John S. Davis
                                                          Anna Krasinski
                                                          Assistant U.S. Attorneys
                                                          53 Pleasant Street, 4th Floor
                                                          Concord, NH  03301
                                                          (603) 225-1552