IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ] | |
| ] | |
| v.                        ] | No. 20-CR-00006-PB |
| ] | |
| CHRISTOPHER CANTWELL      ] | |

### MOTION IN LIMINE # 3:
### TO EXCLUDE EVIDENCE OF FIREARMS, CONTROLLED DRUGS, AND PRIOR CONVICTIONS

The Government may seek to introduce evidence and testimony pertaining to the search of Cantwell's home on January 23, 2020 as well as Cantwell's 2018 misdemeanor convictions from Virginia. Although these two areas are not related, they pertain to the Defendant and involve related Rules of Evidence. They are thus joined in this motion.

Federal Rules of Evidence 401-403 and 602 address the admissibility of relevant evidence. Rule 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Rule of Evidence 402 admits relevant evidence subject to certain rule based limitations, including the Federal Rules of Evidence. Rule 403 permits the Court to exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.*

at 403. Rule 602 demands the witness have "personal knowledge of the matter." *Id.* at 602.

Federal Rule of Evidence 609 addresses the impeachment of a witness's character by prior convictions. *Id.* at 609 (entitled "Impeachment by Evidence of a Criminal Conviction"). Rule 609 permits a party to impeach a witness's character using prior felony convictions and convictions that involve an element of "a dishonest act or false statement." *Id.*

*January 23, 2020 Search of Cantwell's House.*

In January, federal law enforcement searched Cantwell's apartment to look for evidence of an alleged online threat made six months prior. During the search, law enforcement took possession of electronic storage devices, including phones, hard-drives, and computers, that could have evidence relevant to the alleged threat. Additionally, law enforcement seized firearms and alleged steroid-type drugs. The guns have since been released to a third-party. Cantwell has not been charged with crimes related to controlled drugs.

Cantwell's possession of firearms and alleged controlled drugs in January has no bearing on the electronic communications made the previous summer, and makes no fact in consequence in determining this case more or less probable. FED. R. EVID. 401. Even if the guns and drugs had some marginal probative value, its value would be substantially outweighed by a danger of unfair prejudice and confusing or

misleading the jury. FED. R. EVID. 403. Accordingly, the guns and alleged drugs found at Cantwell's home during the 2020 search must be excluded at trial.

*Cantwell's Prior Convictions*

In 2018, Cantwell was convicted of two counts of misdemeanor assault and one count of contempt of a court. The charging documents for the assault offenses read "On or about August 11, 2017, did commit assault and battery on [victim redacted]" without noting a means. *Discovery* at 17R239_REP-000038, 39.02. The relevant plea document is entitled "Plea of Guilty to Misdemeanors" and notes that the assault convictions have a maximum term of "confinement in jail for not more than twelve months." *Id.* at 000039.01-02. These offenses were not punishable by imprisonment for more than one year nor were they crimes of dishonesty. Accordingly, should the Defendant testify, these convictions are not admissible under Rule 609 to attack the Defendant's character.

                                                Respectfully submitted,
                                                Christopher Cantwell
                                                By His Attorney,

Date: September 3, 2020              */s/ Eric Wolpin*
                                                Eric Wolpin
                                                N.H. Bar No. 18372
                                                */s/ Jeffrey S. Levin*
                                                Jeffrey S. Levin
                                                N.H. Bar No. 12901
                                                Assistant Federal Defender
                                                Federal Defender Office
                                                22 Bridge Street
                                                Concord, NH 03301
                                                Tel. (603) 226-7360
                                                E-mail: eric_wolpin@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on September 3, 2020 in the manner specified herein: provided to the Government via ECF.

*/s/ Eric Wolpin*
Eric Wolpin
N.H. Bar No. 18372
Assistant Federal Defender
Federal Defender Office
22 Bridge Street
Concord, NH 03301
Tel. (603) 226-7360
E-mail: eric_wolpin@fd.org