IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | No. 20-CR-00006-PB |
| | ] | |
| CHRISTOPHER CANTWELL | ] | |

## MOTION IN LIMINE TO EXCLUDE WITNESS

The Government may seek to call the alleged victim's wife to testify at trial.[1]
Her testimony is inadmissible as it is not relevant. Alternatively, should her
testimony have some marginal relevance, it is substantially outweighed by the
danger of unfair prejudice and misleading the jury. As such, the Defendant moves to
exclude her testimony.

As described in prior pleadings, the charged offenses stem from a private
online communication in June 2019 between the alleged victim and the Defendant.
Prior to that contact, the Defendant and the alleged victim were familiar with each
other online, but had never met in person or spoken privately. The Government
alleges that the June 2019 online communication included a threat to rape the alleged
victim's wife. The Defendant disputes this assertion. The Defendant and the alleged
victim did not speak, write, or otherwise interact after June 2019.

Federal law enforcement met with the Defendant in September 2019. Among
other topics, the Defendant discussed his online communications with the alleged
victim. In October 2019, four months after the alleged online threat, the FBI

---

[1] The witness is included on the Government's witness list.

approached the alleged victim. He told the FBI that he had not informed his spouse about the alleged threat.[2]

Federal Rules of Evidence 401-403 and 602 address the admissibility of relevant evidence. Rule 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Rule of Evidence 402 admits relevant evidence subject to certain rule based limitations, including the Federal Rules of Evidence. Rule 403 permits the Court to exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* at 403. Rule 602 demands the witness have "personal knowledge of the matter." *Id.* at 602.

In the present case, the alleged victim's wife was not party to the alleged victim's online relationship with the Defendant. She was unaware of the alleged June threat at or near the time it was made. She became aware of the alleged threat only when the FBI approached her family months later in October. Her reactions in October 2019 to being told second-hand about a months-old online dispute involving her husband and the Defendant are not relevant. Her testimony would not make a pertinent fact more or less probable than it would be without that evidence.

---

[2] The FBI report says that the alleged victim "had not advised his wife of the threat against his family." 17R239_REP-000004.04. In the recorded interview, this fact is implied, but not directly stated. The FBI asked the alleged victim "But wouldn't it be worth it to warn your wife at the least?" the alleged victim responded: "She's . . . gonna be warned now," in reference to his interview and the fact that the FBI approached his wife at their home earlier that day

Any marginal relevance of permitting the Government to present the alleged victim's wife—who never interacted with Defendant and was not a recipient of the threat—is substantially outweighed by unfair prejudice to the Defendant and the danger of misleading the jury. In light of the online persona of the alleged victim, the Government has an interest in improving the alleged victim's standing among jurors. The Defendant is unmarried and has no children. The alleged victim has a wife and children. It would be highly prejudicial to allow the Government to present the alleged victim's wife *who had no involvement in the relevant communication or knowledge of the alleged threat for the following four months* to testify before the jury.

Her presence and testimony would garner sympathy for the alleged victim, play to emotions, and contrast the alleged victim's family situation with that of the Defendant in a manner that is irrelevant to the jury's decision in this case; her testimony would lead jurors to reach a conclusion on the basis of irrelevant emotion rather than relevant facts. See, e.g., *Carter v. Hewitt*, 617 F.2d 961, 972 (3rd Cir. 1980) (quoting 1 J. Weinstein & M. Berger, Weinstein's Evidence, § 403(03), at 403-15 to 403-17 (1978)) (explaining that evidence "is unfairly prejudicial [under 403] if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.'").

Notably, jurors will be informed that the alleged victim is married and has children through evidence that is relevant to the offense, namely the contents of the online communication and the alleged victim's testimony. To allow the Government

to present the alleged victim's wife is to permit a prejudicial appeal to emotion that will unduly and improperly influence and mislead jurors tasked with resolving the issues at hand. Accordingly, the Defense moves *in limine* to prelude the Government from calling the alleged victim's wife to testify at trial.

Respectfully submitted,
Christopher Cantwell
By His Attorney,

Date: September 3, 2020

*/s/ Eric Wolpin*
Eric Wolpin
N.H. Bar No. 18372
*/s/ Jeffrey S. Levin*
Jeffrey S. Levin
N.H. Bar No. 12901
Assistant Federal Defender
Federal Defender Office
22 Bridge Street
Concord, NH 03301
Tel. (603) 226-7360
E-mail: eric_wolpin@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on September 3, 2020 in the manner specified herein: filed through the ECF.

*/s/ Eric Wolpin*
Eric Wolpin
N.H. Bar No. 18372
Assistant Federal Defender
Federal Defender Office
22 Bridge Street
Concord, NH 03301
Tel. (603) 226-7360
E-mail: eric_wolpin@fd.org