UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHRISTOPHER CANTWELL )<br>) | No. 1:20-cr-006-PB |

### GOVERNMENT'S MOTION FOR RULE 15 DEPOSITION

The United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, moves this Court for an order granting leave to take the deposition of the victim's spouse (the "witness"), under Federal Rule of Criminal Procedure 15(a)(1). The witness has relevant testimony regarding an essential element of Count Four of the Indictment. Moreover, the witness is at high risk of complications should she contract COVID-19, and her physician has recommended that she refrain from travel. In the wake of the global COVID-19 pandemic, the circumstances in this case are "exceptional" as provided for in Fed. R. Crim. P. 15(a)(1), and the failure to depose the witnesses for use at trial would result in a miscarriage of justice. Cantwell opposes this motion.

I. **FACTUAL BACKGROUND**

A. **Case Background**

Cantwell is charged with one count of extortionate interstate communications, in violation of 18 U.S.C. § 875(b), threatening interstate communications, in violation of 18 U.S.C. § 875(c), threat to injure property or reputation, in violation of 18 U.S.C. § 875(d), and cyberstalking, in violation of 18 U.S.C. § 2261A(2). The crimes stem from a June 2019 exchange he had with the victim, an individual he knew by the pseudonym "Cheddar Mane." Beginning on June 15, 2019, and continuing through the following day, Cantwell sent the victim

messages intended to coerce the victim into disclosing personal information about an individual known to Cantwell as "Vic Mackey." Those messages included statements about the witness: "your wife is gonna have trouble sleeping at night until she leaves you and takes your kids away;" "if you don't want me to come and f*ck your wife in front of your kids, then you should make yourself scarce[.] Give me Vic, it's your only out;" and "I bet one of my incel listeners would love to give her another baby." After the exchange, Cantwell posted photographs of the witness and her children to 293 members of the Radical Agenda telegram group. *See* GX 102. Beneath the photographs, Cantwell identified the street, town, and state of where the victim and witness live. *Id.* Cantwell also placed a call to witness's local child abuse and neglect hotline in an attempt to "destroy [the victim's] life." *Id.* According to Cantwell, "once [the visit from CPS] comes, [the victim would] understand that this is serious." GX 101.

**B. Witness to be Deposed**



## II. ARGUMENT

### A. Legal Standard

Under Federal Rule of Criminal Procedure 15(a)(1), a court may authorize the deposition of a prospective witness "because of exceptional circumstances and in the interest of justice." Exceptional circumstances may be found in instances where the prospective deponent has significant health concerns. *United States v. Keithan*, 751 F.2d 9, 12 (1st Cir. 1984) (finding exceptional circumstances witnesses "were of advanced age" and "suffered from physical infirmities which prevented them from leaving their home which was sixty miles from the courthouse."). Whether the absence of testimony would produce an injustice often hinges on the materiality of that testimony to the case. *See, e.g., United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998) (holding that Rule 15 depositions of defense witnesses should have been granted because their testimony supported defense theory of self-defense). "When a prospective witness is unlikely to appear at trial and his or her testimony is critical to the case, simple fairness requires permitting the moving party to preserve that testimony by deposing the witness – absent countervailing factors which would render the taking of the deposition unjust." *United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1993).

While unavailability and materiality are, therefore, common factors a trial court may consider in granting or denying a Rule 15 deposition, the Rule 15(a) "does not require any conclusive showing of unavailability or material testimony" before a deposition may be authorized. *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998). Ultimately, the court must exercise its discretion in determining from the particulars of each case, whether "due to

3

exceptional circumstances it is in the interest of justice that the testimony of a prospective witness be taken and preserved for possible use at trial." *Id.*

    **B. The Witness's Medical Condition Coupled with the COVID-19 Pandemic Present and Exceptional Circumstance**

The COVID-19 pandemic is a global emergency that is unprecedented in modern history. The virus continues to spread in the United States at an alarming rate. *See* Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), *available at* https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited July 7, 2020). The death toll, across the world, is staggering.

While anyone exposed to the virus is at risk for contracting it, people with certain underlying medical conditions are at a higher risk for becoming severely ill. Centers for Disease Control, People Who Are at Increased Risk For Severe Illness, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited September 8, 2020). Because COVID-19 is a new disease, there is limited data on the impact of the virus on certain underlying medical conditions.



███████████████

The Court has taken significant action in light of the COVID-19 crisis.  Following the President's declaration of a national emergency, the Court suspended jury trials scheduled to begin before May 1, 2020.  Standing Order ADM-1, Order 20-5, at 2.  The Court also closed the courthouse to the public except for dates on which the Court conducts in-court hearings.  *Id.*  In addition, the Court implemented teleconference and telephonic hearings for proceedings. *Id.*

As cases in New Hampshire began to decline, the Court again took significant steps to begin to return to more normal operations.  The Court held the first Federal post-COVID-19 jury trial in the nation.  To ensure safety of the Court, the parties, and the jurors, the Court implemented quarantine requirements for witnesses traveling from outside of New England.  The Court retrofitted the ceremonial courtroom with prophylactic materials, including plastic shields between the witness stand and the Judge's bench, and rearranged the courtroom in a manner that allows for social distancing for jurors.  All of these protocols and orders reflect the seriousness of the ongoing pandemic.

███████████████

## C. Failure to Grant the Deposition Will Result in Injustice

Witness's anticipated testimony is highly material, going to the core of one of the contested issues at stake in this case—whether Cantwell's course of conduct caused or would have reasonably been expected to cause substantial emotional distress to the victim or the

witness. And although Cantwell has moved to exclude her testimony, the Court may defer ruling on the admissibility of testimony until after the deposition. *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993).

**D. No Countervailing Factors Weigh Against the Granting of the Deposition**

1. *The United States has made arrangements for Cantwell to be present at the deposition.*

The deposition will not interfere with Cantwell's right to confrontation. A detained defendant must attend a Rule 15 deposition unless the defendant waives his right to be present or persists in disruptive conduct justifying exclusion.[1] Fed. R. Crim. P. 15(c)(1). Accordingly, the United States has made arrangements, should the Court allow a deposition, to ensure Cantwell's presence.

Should the Court grant this motion, the United States requests that Cantwell be temporarily released to the custody of the FBI under 18 U.S.C. § 3142(i). Where a detention order has previously been issued under the Bail Reform Act, a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). The FBI has agreed to take custody of Cantwell and transport him to the

---

[1] The United States conferred with defense counsel and asked whether Cantwell would assent to appearing at a deposition by video. Cantwell declined to waive his right to be physically present at the deposition. The United States also explored whether Cantwell would agree to allow witness to testify at trial by live two-way-video. Cantwell declined. Though there is some case law suggesting that the Court can authorize "tele-testimony" over a defendant's objection, other cases suggest that it would be a violation of the Confrontation Clause. *See United States v. Cotto-Flores*, 2020 WL 4582283 (1st Cir. Aug. 10, 2020) (discussing "tele-testimony" in the context of minor victims in a sexual assault case); *United States v. Gigante*, 166 F.3d 75 (2d Cir. 1999) (finding that allowing a witness to testify by two-way video did not violate the Confrontation Clause where the witness was in the witness protection program, and was in the final stages of cancer and unable to travel to attend trial); *United States v. Yates*, 438 F.3d 1307 (11th Cir. 2004) (finding that two-way testimony did not satisfy the Confrontation Clause, and that Rule 15 depositions provide the superior method of introducing video testimony because it protects the defendant's right to attend the deposition in person).

deposition and return him to Strafford County House of Corrections. Because release would be for the limited purpose of attending the deposition and Cantwell would be in the custody of the FBI, temporary release is appropriate here.

    *2. Testimony will be preserved in a manner that will permit the jury to fully assess the witness's demeanor and credibility.*

If granted, the United States will have the deposition videotaped as well as transcribed in order that the character and manners of each witness is preserved for the jury to see and hear.

    *3. Counsel and Cantwell can take precautions against contracting COVID-19*

Counsel and Cantwell can take all reasonable precautions against contracting COVID-19 in traveling to and from the deposition. All parties can follow the Center for Disease Control's guidelines for minimizing risk of contraction, including wearing masks and washing hands.

The United States has conferred with defense counsel and confirmed that all counsel are available the afternoon of September 16, 2020 to conduct a deposition. The FBI has also confirmed its ability to transport Cantwell to the deposition on September 16, 2020. Counsel and Cantwell can quarantine upon return and take a COVID-19 test on Saturday, September 19, 2020. Assuming negative results, the parties would be ready to proceed with trial on September 22, 2020.

If the Court prefers a longer quarantine time, the United States respectfully requests a continuance to the two-week period beginning October 6, 2020, to allow for additional time to quarantine and test. Under these circumstances, and in light of the public health considerations associated with the global COVID-19 pandemic, a continuance of approximately 14 days from when proof was scheduled to begin would serve the ends of justice, which outweigh the best interests of the public and the defendant in a speedy trial on the existing charges. *See* 18 U.S.C. § 3161(h)(7)(A).

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court grant leave to take deposition of the witness under Fed. R. Crim P. 15(a).

September 9, 2020                                    Respectfully submitted,

                                                    Scott W. Murray
                                                    United States Attorney


                                        By:    /s/ Anna Krasinski
                                               Anna Krasinski
                                               John S. Davis
                                               Assistant U.S. Attorneys
                                               53 Pleasant Street, 4th Floor
                                               Concord, NH  03301
                                               (603) 225-1552