UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.                                                                                  No. 20-CR-00006-PB

CHRISTOPHER CANTWELL

**OBJECTION TO GOVERNMENT'S MOTION FOR RULE 15 DEPOSITION**

The Defendant, Christopher Cantwell, through counsel, files this objection to the government's motion for a Fed. R. Crim. P. 15 deposition of an anticipated witness. In the motion, filed less than a week before jury selection, the government did not show that the witness is unavailable or that her testimony is material (or even relevant). Defense counsel is not available to fly halfway across the country the day after jury selection for a deposition, as represented in the government's motion. Allowing a deposition in this instance would violate the defendant's right to confront witnesses under Am. VI, U.S. Const. Grounds follow.

I.     Introduction

Yesterday, less than a week before jury selection, the government filed a motion for a Rule 15 deposition of an anticipated witness in this case, stating that the witness has "relevant testimony" and that failure to depose her in advance of trial would result in a miscarriage of justice. The government argues that the witness' medical condition puts her at high risk of complication should she contract COVID-19 and that her physician has recommended she refrain from travel. The government proposes to fly the defendant to a distant part of the country to satisfy the rule requiring the defendant's presence. Fed. R. Crim. P. 15(c).

1

The defendant opposes this motion. The witness is not unavailable for trial, and could easily travel to New Hampshire under conditions that assure her safety.[1] The witness' testimony is neither material nor relevant, so much so that the defendant has already moved *in limine* to preclude such testimony at trial under Fed. R. Evid. 401-403 and 602.

## II. Legal Standard

The Federal Rules of Criminal Procedure authorize the taking and preserving of trial testimony by deposition. *See United States v. Ismaili*, 828 F.2d 153, 161 (3d Cir. 1987) (noting "the strong preference for live testimony" in criminal proceedings). A Rule 15 deposition is not a discovery device and is warranted only where there are "exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a); *United States v. Steele*, 685 F.2d 793, 809 (3rd Cir. 1982) ("Rule 15 . . . does not authorize their use as means of discovery."). The proposed deponent must be "unavailable" for live trial testimony, and the proposed testimony must be "material." *See, e.g., Ismaili*, 828 F.3d at 158-59 ("[I]it is difficult to conceive of a district court abusing its discretion by denying a Rule 15(a) motion where the movant has not established both the materiality of the testimony and the unavailability of the witness."); *United States v. Karoly*, 2009 WL 1872083, at *2 (E.D. Pa.) (Rule 15 "emphasizes the use of discretion.").

---

[1] The government proposes to fly the defendant to a distant state for the deposition, in FBI custody. There is no reason that the government cannot fly the witness to New Hampshire for trial under conditions that would ensure her safety.

The burden of proof rests with the movant "to demonstrate the necessity for preserving prospective witness' testimony by a deposition." *Ismaili*, 828 F.3d at 159. Testimony is material if it is "highly relevant to a central issue in the case." *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993); *see Ismaili*, 828 F.2d at 161 (testimony that "negate[s] the crux of the government's" case is material); *United States v. Al Fawwaz*, 2014 WL 627083, at *2 (S.D.N.Y. 2014) ("It need not be definitive proof of guilt or innocence, but should be more than merely relevant."). A witness is unavailable "whenever a substantial likelihood exists that the proposed deponent will not testify at trial." *Drogoul*, 1 F.3d at 1553; *see also Karoly*, 2009 WL 1872083, at *3 ("[T]he introducing party will need to make a new and different showing of unavailability during trial."). Moreover, a witness is unavailable where: (1) she is beyond U.S. subpoena power; and (2) her counsel states that the witness is unwilling to testify at trial. *See, e.g., United States v. Fleet Mgmt. Ltd*, 2007 WL 2463364, at *1 (E.D. Pa. 2007); *United States v. Vilar*, 568 F. Supp. 2d 429, 439 (S.D.N.Y. 2008). "[V]ague assertions that the witness may not be willing or able to travel at the time of the trial are insufficient to find unavailability." *Al Fawwaz*, 2014 WL 627083, at *2.

III. Argument

   a. **The government has not shown that the witness is unavailable.**

The government has failed to meet its burden of showing that the witness is unavailable. There is no information to suggest that the witness is particularly

vulnerable to COVID-19 or that she would be placed at particular risk if made to travel to New Hampshire for trial.

### b. The government has not shown that the witness' testimony is material.

The government does not even argue materiality, other than to state that the witness has testimony of some relevance to add to one count of the indictment. As previously noted, the defense moved to exclude the witness' testimony as irrelevant. Since the filing of that motion, the defense has received FBI reports detailing the witness's statements. The recently provided reports support rather than detract from the motion to exclude the witness's testimony. As stated in the reports, the FBI approached the witness four months after the relevant exchange concluded. At that time, the witness reported to the FBI that she had never heard of the defendant. She reported that she had never heard of the aliases "Cheddarmane" or "Vic Mackey." She explained that she was entirely unfamiliar with the online group in which "Cheddarmane" belonged and "of the content of his online activity of to what extent his beliefs are." Suggestive of her ignorance of any of the relevant context, she noted that the alleged victim wore a sweatshirt with a "silly haircut," but was unfamiliar with the meaning of that emblem as described in prior defense filings. In a later March 2020 interview, she suggested that maybe she had heard of the defendant prior to the FBI's visit in October 2019, but provided no further information that would suggest her testimony was relevant. Whether this witness, knowing nothing about the online relationship between these two men or the context in which the statements were made, felt or reacted in a certain way upon the FBI disclosing the

4

existence of the communication months later, is not relevant to this case and certainly not material.

### c. The government's motion is not timely.

The Court should also deny this motion as untimely, made on the eve of trial. *See, e.g., Heflin v. United States*, 223 F.2d 371, 1955 U.S. App. LEXIS 3973 (5th Cir. 1955), rev'd, 358 U.S. 415, 79 S. Ct. 451, 3 L. Ed. 2d 407, 1959 U.S. LEXIS 1486 (1959) (no abuse of discretion in refusing to grant motion for deposition filed five days prior to trial); *United States v. Broker*, 246 F.2d 328, 1957 U.S. App. LEXIS 3574 (2d Cir.), cert. denied, 355 U.S. 837, 78 S. Ct. 63, 2 L. Ed. 2d 49, 1957 U.S. LEXIS 479 (1957) (trial court properly denied defendant's motion under Rule 15 to take deposition where motion was not made until eve of trial); *United States v. Whiting*, 308 F.2d 537, 1962 U.S. App. LEXIS 4078 (2d Cir. 1962), cert. denied, 372 U.S. 909, 83 S. Ct. 722, 9 L. Ed. 2d 718, 1963 U.S. LEXIS 2135 (1963), cert. denied, 372 U.S. 919, 83 S. Ct. 734, 9 L. Ed. 2d 725, 1963 U.S. LEXIS 2187 (1963) (judge has discretion to deny motion to take deposition made after unexcused delay or on eve of trial).

### d. Defense counsel is not available.

The government did not inform defense counsel that the deposition was to occur in a distant state until after inquiring about their availability on the afternoon of September 16, 2020. Defense counsel indicated that neither counsel was available on the morning of September 16, when one or both would be expected to fly across the country. Neither counsel is available to attend a deposition in a distant state on September 16, or at any time between now and the trial.

Defense counsel objects to the alternative relief requested as well, a two-week continuance to allow the scheduling of a deposition. The parties and the Court have gone to much trouble to maintain the current trial schedule, with jury selection to take place in less than a week. The witness is not unavailable and her testimony is, in the defense's view, irrelevant. The government has not presented the Court with a sound basis to further continue this matter.

Wherefore the defendant respectfully requests that the Court deny the government's motion for Rule 15 deposition and for such other relief as may be just.

Respectfully submitted,

Date: September 10, 2020

*/s/ Eric Wolpin*
Eric Wolpin
N.H. Bar No. 18372
*/s/ Jeffrey S. Levin*
Jeffrey S. Levin
N.H. Bar No. 12901
Assistant Federal Defender
Federal Defender Office
22 Bridge Street
Concord, NH 03301
Tel. (603) 226-7360
E-mail: eric_wolpin@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that the above document was served on September 10, 2020 in the manner specified herein: provided to government's counsel via CM/ECF.

*/s/ Eric Wolpin*
Eric Wolpin