**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:20-cr-00006-PB |
| ) | |
| CHRISTOPHER CANTWELL ) | |
| ) | |

GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS

Under Rule 30(a) of the Federal Rules of Criminal Procedure, as well as Local Rule 30.1, the United States of America respectfully submits the following amended proposed jury instructions.

September 14, 2020

Respectfully submitted,

Scott W. Murray
United States Attorney

By:  /s/ Anna Krasinski
Anna Krasinski
John S. Davis
Assistant U.S. Attorneys
53 Pleasant Street, 4th Floor
Concord, NH  03301
(603) 225-1552

Government's Proposed Jury Instruction No. 1

Count One – Extortionate Interstate Communications, 18 U.S.C. § 875(b)

Count One of the indictment charges the defendant with sending an extortionate interstate communication.  For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:[1]

*First*:  that the defendant knowingly transmitted a communication that contained a threat to injure the person of another;

*Second*: that the communication was sent in interstate commerce; and

*Third*: that the defendant transmitted the communication with the specific intent to extort something of value from a person.

---

[1] Eighth Circuit Pattern Jury Instructions, 6.18.875B Interstate Transmission of an Extortionate Threat (18 U.S.C. § 875(b)) (noting that *Elonis v. United States*, 135 S. Ct. 2001 (2015) does not apply to prosecutions under 18 U.S.C. § 875(b)); *see also United States v. White*, 810 F.3d 212 (4th Cir. 2016) (noting that unlike 18 U.S.C. § 875(c) which does not contain an express *mens rea* requirement, 18 U.S.C. § 875(b) does contain an explicit requirement regarding the defendant's subjective intent); *see also United States v. Killen*, 729 F. App'x 703 (11th Cir. 2018); *United States v. White*, 654 F. App'x 956 (11 Cir. 2016); *Tomkins v. United States*, 2018 WL 1911805 (N.D. Ill. Apr. 23, 2018); *United States v. Godwin-Painter*, 2015 WL 5838501 (S.D. Ga. Oct. 15, 2016).

Government's Proposed Jury Instruction No. 2

I am going to define some of the terms you just heard. These definitions apply whenever these terms are used throughout these instructions.

A "threat" is a serious statement expressing an intent to injure any person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from mere political argument, idle talk, exaggeration, or something said in a joking manner.[2] It is not necessary that the statement be made face to face. It is also not necessary to prove that the defendant actually intended to carry out the threat.[3]

To act with intent to "extort" means to act with the intent to obtain something of value from another person with that person's consent but induced by the wrongful use of actual or threatened force, violence, or fear.[4] It is not necessary that the defendant's extortionate threat succeeded in obtaining money or something of value.[5]

In determining whether the defendant's communication was sent with the intent to extort, you may consider all the circumstances surrounding the making of the communication. For example, you may consider the language, specificity, and frequency of the threat; the context in which the threat was made; the relationship between the defendant and the threat recipient; the recipient's response; and any previous threat made by the defendant.[6]

---

[2] Fifth Circuit Pattern Jury Instructions, Transmission of Extortionate Communication 18 U.S.C. § 875(b).
[3] First Circuit Pattern Jury Instructions, Interstate Communications—Threats, 18 U.S.C. § 875(c), 4.18.875.
[4] Fifth Circuit Pattern Jury Instructions, Transmission of Extortionate Communication 18 U.S.C. § 875(b).
[5] *See* Eighth Circuit Pattern Jury Instructions, 6.18.875D Interstate Transmission of an Extortionate Threat to Injure Property or Reputation (18 U.S.C. § 875(d)), cmt, (noting that the elements of the offense do not require that the "extortionate threat succeeded in obtaining money or something of value. The crime is complete when the defendant sends the threat in interstate commerce with the intent to extort.").
[6] Eighth Circuit Pattern Jury Instructions, 6.18.875D Interstate Transmission of an Extortionate Threat to Injure Property or Reputation (18 U.S.C. § 875(d)).

The term "thing of value" is anything that has value to the defendant and is not limited to money or tangible things with an identifiable price tag.[7]

To transmit something in "interstate commerce" means to send it from a place in one state to a place in another state.[8]

The communication containing the threat can be handwritten, typed, oral, telephonic, e-mail, or any other form of electronic communication.[9]

---

[7] Eleventh Circuit Pattern Jury Instructions, O30.2; Fifth Circuit Pattern Jury Instructions, Transmission of Extortionate Communication 18 U.S.C. § 875(b).
[8] Eleventh Circuit Pattern Jury Instructions, O30.2.
[9] Eighth Circuit Pattern Jury Instructions, 6.18.875D Interstate Transmission of an Extortionate Threat to Injure Property or Reputation (18 U.S.C. § 875(d)).

Government's Proposed Jury Instruction No. 3

Count Two – Threat to Injure Property or Reputation, 18 U.S.C. § 875(d)

Count Two of the indictment charges the defendant with sending an extortionate threat in interstate commerce to injure a person's reputation or accuse another person of a crime. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:[10]

*First*: that the defendant knowingly transmitted a communication that contained a threat to accuse another person of a crime or to injure the reputation of another person;

*Second*: that the communication was sent in interstate commerce; and

*Third*: that the defendant sent the communication with the intent to extort anything of value from another person.

---

[10] Eighth Circuit Pattern Jury Instructions, 6.18.875D Interstate Transmission of an Extortionate Threat to Injure Property or Reputation (18 U.S.C. § 875(d)).

Government's Proposed Jury Instruction No. 4

Count Three – Cyberstalking, 18 U.S.C. § 2261A(2)

Count Three of the indictment charges the defendant with cyberstalking. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:[11]

*First*: that the defendant used a facility of interstate commerce, including an electronic communication service or system;

*Second*: that the defendant did so with the intent to harass or intimidate another person; and

*Third*: that through the use of facilities of interstate commerce, the defendant engaged in a course of conduct that placed the victim in reasonable fear of serious bodily injury to his spouse or that caused or would reasonably be expected to cause substantial emotional distress to that person or that person's spouse.

A "course of conduct" in this context is a pattern of conduct composed of two or more acts, evidencing a continuity of purpose.[12] You may consider each communication between the defendant and the victim to be a separate act.[13] While you are required to agree unanimously that the defendant engaged in two or more acts evidencing a continuity of purpose in order to find him guilty of this crime, you are not required to agree unanimously on which two or more acts constitute the course of conduct.[14]

The United States need not prove that each act was intended to harass or intimidate the victim. Rather, the United States must prove that the cumulative effect or totality of the

---

[11] Fifth Circuit Pattern Jury Instructions, 2.86B Stalking 18 U.S.C. § 2261A(2); *see also United States v. Ackell*, 907 F.3d 67, 78-80 (1st Cir. 2018) (noting that jury unanimity is not required with respect to specific text messages making up the "course of conduct.").
[12] 18 U.S.C. § 2266(2); Fifth Circuit Pattern Jury Instructions, 2.86B Stalking 18 U.S.C. § 2261A(2).
[13] *United States v. Ackell*, No. 1:15-cr-00123-JL, ECF No. 72, at 24.
[14] *United States v. Ackell*, No. 1:15-cr-00123-JL, ECF No. 72, at 24; *United States v. Ackell*, 907 F.3d 67, 78-80 (1st Cir. 2018) (noting that jury unanimity is not required with respect to specific text messages making up the "course of conduct.").

defendant's alleged course of conduct shows a continuity of purpose to harass or intimidate the victim.[15]

As I explained, the final element that the United States must prove beyond a reasonable doubt is that the defendant's alleged course of conduct placed the victim in reasonable fear of serious bodily injury to his spouse or that caused or would reasonably be expected to cause substantial emotional distress to the victim or his spouse. The United States is not required to prove all three of the alternative means I described. That is, in order for you to find the defendant guilty of the crime charged in Count Four, you must unanimously agree that the United States has proven one of the following beyond a reasonable doubt—that the defendant's course of conduct:[16]

(1) placed the victim in reasonable fear of serious bodily injury to his spouse, or

(2) actually caused substantial emotional distress to either the victim or his spouse, or

(3) would reasonably be expected to cause substantial emotional distress to either the victim or his spouse.

In order for you to find that the defendant engaged in a course of conduct that would reasonably be expected to cause emotional distress, the United States must prove that the course of conduct would have caused substantial emotional distress to a reasonable person.

Substantial emotional distress means mental distress, mental suffering or mental anguish, and includes depression, dejection, shame, humiliation, mortification, shock, indignity, embarrassment, grief, anxiety, worry, fright, disappointment, nausea, and nervousness, as well as physical pain.[17]

---

[15] *United States v. Shrader*, 675 F.3d 300, 311-12 (4th Cir. 2012).
[16] *See United States v. Ackell*, No. 1:15-cr-00123-JL, ECF No. 72, at 26.
[17] *United States v. Osinger*, 753 F.3d 939, 945 (9th Cir. 2014); *United States v. Ackell*, No. 1:15-cr-00123-JL, ECF No. 72, at 26.