## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | No. 1:20-cr-00006-PB |
| ) | |
| CHRISTOPHER CANTWELL   ) | |
| ) | |

### UNITED STATES' OBJECTION TO DEFENDANT'S EXHIBITS

Under Local Rule 16.1(g) and the Court's Final Pretrial Order, the United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, submits the following objections to Defendant Christopher Cantwell's Proposed Exhibits.

### I.      Introduction.

Many of Cantwell's proposed exhibits fall within a few general categories. Some relate to the victim's personal opinions on race, religion, and violence. Others relate to the prank calls members of Bowl Patrol made to Cantwell's show, Radical Agenda. Still others relate to Cantwell's claims of threats and harassment from various unidentified sources. Cantwell also seeks to introduce his own out-of-court statements on his perception of the FBI investigation and his belief that the investigation was politically motivated. All of these exhibits should be excluded.

This case is not a referendum on personal or political beliefs. Political opinions, endorsements of violence, or racist or anti-Semitic statements attributed to the victim or the victim's associates are not relevant to any legitimate defense or the specific and limited elements before the jury. As such, Cantwell should be precluded from playing audio clip after audio clip of Bowl Patrol members making such statements. *See United States v. Martinez*, 988 F.2d 685, 701-02 (7th Cir. 1993) (upholding exclusion of evidence of victims' racist attitudes and affiliations).

Nor is this case about the victim's character, the character of other members of Bowl Patrol, or the character of other third parties. Many of Cantwell's exhibits appear to be offered to show that the victim

and others hold despicable beliefs and have said despicable things. But Rule 404 strictly limits the use of character evidence in a criminal case, in part to ensure that the proceedings are focused on the charged offenses and their elements, and not on character attacks. Rule 404(a)(2)(B) does permit a defendant to offer evidence of a victim's "pertinent" character trait, but here the Cantwell cannot show that any trait of the victim's character is "pertinent" to the charged extortion or cyberstalking offenses, or explain why character evidence regarding third parties is admissible.

Similarly, Cantwell should be precluded from introducing statements about rape made by third parties. Cantwell seeks, for example, to introduce a portion of the second episode of the "BowlCast" where an individual using the pseudonym "Edmund Kempbowl" discusses rape. DX 24. The victim, however, is not involved in this segment and did not participate in the second episode of the "BowlCast."

Cantwell should also be precluded from introducing evidence regarding prank calls to his show, as well as threats and harassment from unidentified sources. This is so because the defendant cannot establish the affirmative defenses of justification, self-defense, or provocation in this extortion and cyberstalking offenses. *See United States v. Lebreault-Feliz*, 807 F.3d 1, 3-4 (1st Cir. 2015) (explaining elements of affirmative defenses of duress and necessity); *United States v. Sovie*, 133 F.3d 122, 126 (2d Cir. 1997) (no defense of provocation in extortion case); *see also United States v. Mussayek*, 338 F.3d 245, 256-57 (3d Cir. 2003) (in affirming denial of downward departure for victim provocation in extortion case, emphasizing that defendant struck back, against victims who had scammed him, long afterwards after planning and calculation). The victim and other members of Bowl Patrol did prank called Cantwell's show, and Cantwell was angry. General discussion of the history between the two is necessary for background, and the language used in the victim's prank calls may be relevant to establish the context of the communications between the victim and Cantwell in June of 2019. But other prank calls, discussion of those prank calls (*see, e.g.*, DX 59, where "Vic Mackey" discusses prank calling Radical Agenda), discussion of the number of prank calls, or records relating to calls into Radical Agenda (some of which

are not prank calls), are not relevant to a legitimate defense or to any elements before the jury.

Similarly, the general harassment Cantwell reported to law enforcement is not relevant to any trial issue or legitimate defense. This is particularly so where, as here, the source is unclear. As Cantwell explains, "it is pretty common for me to receive unpleasant strangers from complete strangers all over the world. I'll just forward you the ones where they talk about violence." DX G5. "I am regularly threatened and harassed by countless people on account of my political views and the nature of my business, a live, uncensored, open phones entertainment program called the Radical Agenda." DX H8. Cantwell may have felt harassed and threatened. But there is no evidence linking any of these to the victim—only Cantwell's suspicion that some of them are linked to Bowl Patrol. *See* DX H9 ("[S]omebody, I suspect from the same group, launched some kind of denial of service attack against my radio server last night.").

Even if evidence of "other acts" of known or unknown third persons to harass or disrupt the defendant has some slight relevancy, the probative value of that evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. Fed. R. Evid. 403. If the defendant is allowed to parade before the jury his various grievances about being harassed, regardless of who was behind the conduct, the jury may be required to focus on confusing questions of agency and intent regarding events that are entirely collateral to the charged crimes.

Moreover, Cantwell cannot introduce his e-mails to law enforcement—they are inadmissible hearsay. Fed. R. Evid. 801. A party cannot offer his *own* statement as an "admission" because the statement is not being offered *against* the declarant. *See* Fed. R. Evid. 801(d). Moreover, the out-of-court statements Cantwell seeks to introduce would mislead and confuse the jury, and would improperly inject political issues into this trial. For example, in one proposed exhibit, Cantwell explains his history with "Vic Mackey":

> Leading up to the midterm election, he wanted to make a post attacking Andrew Anglin of the Daily Stormer, but I asked him to wait until after the election, so as not to sow division in the far right ahead of this very important contest.

DX H8. In another proposed defense exhibit, Cantwell expressed frustration with the FBI's investigation into Cantwell's harassment complaint and postulated that it was a part of some broader "politically motivated effort against the President of the United States, in the same vein as that fraudulent Russia probe." DX 10. In another, he describes Bowl Patrol as a "neo Nazi terrorist group." DX 13. These self-serving out-of-court statements are inadmissible, and Cantwell should be precluded from inserting confusing and misleading issues into the trial.

Subject to stipulations, the United States objects to all exhibits under Rule 901 of the Federal Rules of Evidence.

## II. Objections to Defendant's Exhibits

| A SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| A | 401, 403, 404, 801 |
| A-1 | 401, 403, 404, 801 |
| A-2 | 401, 403, 404, 801 |
| A-3 | 401, 403, 404, 801 |
| A-4 | 401, 403, 404 |
| A-5 | 401, 403, 404 |
| A-6 | 401, 403, 404 |
| A-7 | 401, 403, 404 |
| A-8 | 401, 403, 404 |
| A-9 | 401, 403, 404 |
| A-10 | 401, 403, 404 |
| A-11 | 401, 403, 404 |
| A-12 | 401, 403, 404 |
| A-13 | 401, 403, 404 |

| B SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| B | 401, 403 |
| B-1 | 401, 403 |
| B-2 | 401, 403, 404 |
| B-3 | 401, 403, 404, 801 |
| B-4 | 401, 403, 404 |
| B-5 | 401, 403, 404, 801 |
| B-6 | 401, 403, 404, 801 |
| B-7 | 401, 403, 404, 801 |
| B-8 | 801 |
| B-9 | 801 |
| B-10 | 401, 403, 404, 801 |
| B-11 | 401, 403, 404, 801 |
| B-12 | 401, 403, 801 |
| B-13 | 401, 403, 801 |
| B-14 | 401, 403, 801 |
| B-15 | 401, 403, 404, 801 |

| C SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| C | 801 |
| C-1 | 401, 403, 404, 801 |
| C-2 | 401, 403, 404, 801 |
| C-3 | 401, 403, 404, 801 |
| C-4 | 401, 403, 404 |
| C-5 | 401, 403, 404, 801 |
| C-6 | 401, 403, 404 |
| C-7 | 401, 403, 404 |
| C-8 | 401, 403, 404, 801 |
| C-9 | 401, 403, 404, 801 |
| C-10 | 401, 403, 404, 801 |
| C-11 | 401, 403, 404, 801 |
| C-12 | 401, 403, 404, 801 |
| C-13 | 401, 403, 404, 801 |
| C-14 | 401, 403, 404, 801 |
| C-15 | 401, 403, 404, 801 |
| C-16 | 401, 403, 404, 801 |
| C-17 | 401, 403, 404 |
| C-18 | 401, 403, 404, 801 |
| C-19 | 401, 403, 404, 801 |
| C-20 | 401, 403, 404 |
| C-21 | 401, 403, 404, 801 |
| C-22 | 401, 403, 404 |

| D SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| D | 403, 801 |
| D-1 | 403, 801 |
| D-2 | 403, 801 |
| D-3 | 403, 801 |
| D-4 | 403, 801 |

| E SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| E | 401, 403, 404, 801 |
| E-1 | 401, 403, 404, 801 |
| E-2 | 401, 403, 404, 801 |
| E-3 | 401, 403, 404, 801 |
| E-4 | 401, 403, 404, 801 |
| E-5 | 401, 403, 404, 801 |
| E-6 | 401, 403, 404, 801 |
| E-7 | 401, 403, 404, 801 |
| E-8 | 401, 403, 404, 801 |
| E-9 | 401, 403, 404, 801 |

| E-10 | 401, 403, 404, 801 |
|------|--------------------|
| E-11 | 401, 403, 404, 801 |
| E-12 | 401, 403, 404, 801 |
| E-13 | 401, 403, 404, 801 |
| E-14 | 401, 403, 404, 801 |
| E-15 | 401, 403, 404, 801 |
| E-16 | 401, 403, 404, 801 |
| E-17 | 401, 403, 404, 801 |
| E-18 | 401, 403, 404, 801 |
| E-19 | 401, 403, 404, 801 |
| E-20 | 401, 403, 404, 801 |
| E-21 | 401, 403, 404, 801 |
| E-22 | 401, 403, 404, 801 |
| E-23 | 401, 403, 404, 801 |
| E-24 | 401, 403, 404, 801 |
| E-25 | 401, 403, 404, 801 |
| E-26 | 401, 403, 404, 801 |
| E-27 | 401, 403, 404, 801 |
| E-28 | 401, 403, 404, 801 |
| E-29 | 401, 403, 404, 801 |
| E-30 | 401, 403, 404, 801 |
| E-31 | 401, 403, 404, 801 |
| E-32 | 401, 403, 404, 801 |
| E-33 | 401, 403, 404, 801 |
| E-34 | 401, 403, 404, 801 |
| E-35 | 401, 403, 404, 801 |

| | |
|---|---|
| E-36 | 401, 403, 404, 801 |
| E-37 | 401, 403, 404, 801 |
| E-38 | 401, 403, 404, 801 |
| E-39 | 401, 403, 404, 801 |
| E-40 | 401, 403, 404, 801 |
| E-41 | 401, 403, 404, 801 |
| E-42 | 401, 403, 404, 801 |
| E-43 | 401, 403, 404, 801 |
| E-44 | 401, 403, 404, 801 |
| E-45 | 401, 403, 404, 801 |
| E-46 | 401, 403, 404, 801 |
| E-47 | 401, 403, 404, 801 |
| E-48 | 401, 403, 404, 801 |
| E-49 | 401, 403, 404, 801 |
| E-50 | 401, 403, 404, 801 |
| E-51 | 401, 403, 404, 801 |
| E-52 | 401, 403, 404, 801 |
| E-53 | 401, 403, 404, 801 |
| E-54 | 401, 403, 404, 801 |
| E-55 | 401, 403, 404, 801 |
| E-56 | 401, 403, 404, 801 |
| E-57 | 401, 403, 404, 801 |
| E-58 | 401, 403, 404, 801 |
| E-59 | 401, 403, 404, 801 |
| E-60 | 401, 403, 404, 801 |

| F SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| F | 401, 403, 404, 801 |
| F-1 | 401, 403, 404, 801 |
| F-2 | 401, 403, 404, 801 |
| F-3 | 401, 403, 404, 801 |
| F-4 | 401, 403, 404, 801 |
| F-5 | 401, 403, 404, 801 |
| F-6 | 401, 403, 404, 801 |
| F-7 | 401, 403, 404, 801 |
| F-8 | 401, 403, 404, 801 |
| F-9 | 401, 403, 404, 801 |
| F-10 | 401, 403, 404, 801 |
| F-11 | 401, 403, 404, 801 |
| F-12 | 401, 403, 404, 801 |
| F-13 | 401, 403, 404, 801 |
| F-14 | 401, 403, 404, 801 |
| F-15 | 401, 403, 404, 801 |
| F-16 | 401, 403, 404, 801 |
| F-17 | 401, 403, 404, 801 |
| F-18 | 401, 403, 404, 801 |
| F-19 | 401, 403, 404, 801 |
| F-20 | 401, 403, 404, 801 |
| F-21 | 401, 403, 404, 801 |
| F-22 | 401, 403, 404, 801 |
| F-23 | 401, 403, 404, 801 |

| G SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| G | 401, 403, 404, 801 |
| G-1 | 401, 403, 404, 801 |
| G-2 | 401, 403, 801 |
| G-3 | 401, 403, 801 |
| G-4 | 10/11/2019 - FBI Email |
| G-5 | 401, 403, 801 |
| G-6 | 401, 403, 404, 801 |
| G-7 | 401, 403, 404, 801 |
| G-8 | 401, 403, 801 |

| H SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| H | 401, 403, 404, 801 |
| H-1 | 401, 403, 801 |
| H-2 | 401, 403, 404, 801 |
| H-3 | 401, 403, 801 |
| H-4 | 401, 403, 404, 801 |
| H-5 | 401, 403, 404, 801 |
| H-6 | 801 |
| H-7 | 401, 403, 404, 801 |
| H-8 | 401, 403, 801 |
| H-9 | 401, 403, 801 |
| H-10 | 401, 403, 801 |

| I SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| I | 401, 403 |
| I-1 | 401, 403 |
| I-2 | 401, 403 |
| I-3 | 401, 403 |

| TIMELINES SUMMARIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| J | 403 |

September 15, 2020

Respectfully submitted,

Scott W. Murray
United States Attorney

By: /s/ Anna Z. Krasinski
Anna Z. Krasinski
John S. Davis
Assistant U.S. Attorneys
53 Pleasant Street, 4th Floor
Concord, NH  03301
(603) 225-1552