UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>CHRISTOPHER CANTWELL )<br>) | No. 1:20-cr-00006-PB |

### GOVERNMENT'S OBJECTION TO DEFENDANT'S
### MOTION IN LIMINE TO EXCLUDE TESTIMONY OF CPS EMPLOYEE

The United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, hereby objects to the defendant's oral motion in limine to exclude testimony from an employee of the victim's local Child and Protective Services ("CPS"). In support of its objection, the government states as follows:

**I.     Background**

The defendant is charged with Extortionate Interstate Communications, 18 U.S.C. § 875(b) (Count 1), Threat to Injure Reputation, 18 U.S.C. § 875(d) (Count 2), and Cyberstalking, 18 U.S.C. § 2261A(2) (Count 3). The defendant's motive in committing the charged crimes, which occurred over a three-day span in June 2019, was to obtain the personal information of "Vic Mackey," so the defendant could "dox" Mackey by publicizing his real name and identifying information. The defendant believed that the victim was in possession of Mackey's personal information, and tried to coerce the victim into disclosing the information to him by threats, intimidation, and harassment.

Some of those threats, intimidation, and harassment involved Cantwell's threats to call the victim's local Child Abuse and Neglect Hotline:

- On Tuesday, I'm going to send every episode of BowlCast along with your identifying information to whatever the local equivalent of CPS is in your jurisdiction. This way the information won't be public, yet. By Tuesday

- you should be able to talk to your wife and kids and get them to all have their stories straight, get anything incriminating out of the house. But I'm pretty sure once that visit comes, you'll understand that this is serious. GX 100.

- That's Cheddar Mane aka Cheddy Black, and tomorrow morning, I'm calling CPS to givem [sic] them every episode of BowlCast, and inform them that this acid dropping fake Nazi is endangering those children with his behavior. GX 102.

- I think when CPS hears that fucking podcast he hosts, they'll pay his fucking criminal ass a visit. GX 102.

- I hope every CPS worker in Missouri is a Jew or a N*[1] and I hope they break every rule and destroy this scumbag's life. GX 102.

When he called the Child Abuse and Neglect Hotline, Cantwell explained:

The truth of the matter is, hon, I think that this guy is a problem and the thing is that what he does to the best of my understanding is not a criminal act, okay? So like, I just, basically, I'm looking to make this guy uncomfortable, is the truth of the matter.

GX 103.

Cantwell argues that testimony from a employee from the victim's local CPS agency is inadmissible because Cantwell was unaware of the inner-workings of that office. But Cantwell was aware that his actions could cause that office to investigate the welfare of the victim's children—indeed, his purpose in calling the office was to initiate an investigation by CPS. And the testimony is relevant regardless of Cantwell's knowledge, because the cyberstalking statue permits a conviction under an objective standard based on "reasonable expectation."

## II.     Argument

Cantwell called the victim's local child protective services agency with the purpose and expectation that the office would begin an investigation into the welfare of the victim's children

---

[1] Alteration added.

and would visit the victim's home. The United States should be permitted to introduce direct evidence on what that investigation would have looked like—it is relevant to an essential element of the cyberstalking count.

Cantwell is charged with cyberstalking, in violation of 18 U.S.C. § 2261A(2). That statute provides:

> Whoever—
>
> (2) with the intent to kill, injure, harass, [or] intimidate…another person, uses the mail, any interactive computer service or electronic communication service or electronic communication system of interstate commerce, or any other facility of interstate or foreign commerce to engage in a course of conduct that—
>
> (A) places that person in reasonable fear of the death or serious bodily injury to a person…; or
>
> (B) causes, attempts to cause, or would be reasonably expected to cause substantial emotional distress to a person described in clause (i), (ii), or (iii) of paragraph (1)(A)
>
> shall be punished as provided in section 2261(b) of this title.

18 U.S.C. § 2261A(2). Paragraph (1)(A) of the cyberstalking statute (referenced in the language quoted above) includes both "that person," and "a spouse or intimate partner of that person." 18 U.S.C. § 2261A(1)(A)(i-iii). A person may thus violate the statue by acting with specific intent to harass a person and engaging in a course of conduct that causes, or would be reasonably expected to cause, distress to that person or that person's spouse. 18 U.S.C. §§ 2261A(2), (1)(A)(iii).

Testimony regarding what services the agency provided, what steps it took in responding to complaints about the welfare of children, and what could have resulted from Cantwell's call is relevant to whether his conduct would reasonably be expected to cause distress to the victim or his spouse regardless of whether Cantwell had specific knowledge about how the agency operated. Cantwell claims that the testimony should be excluded because he did not know the

process in that office, but that argument ignores Cantwell's own comments and purpose.  He may not have known the specific procedures employed by the office, but he was certainly aware of the possibility that an employee might visit the victim's home and conduct an investigation into the children's welfare.  Indeed, that was his stated purpose of calling.   Without some context about the nature of the CPS agency and the actions it could take in response to a complaint like Cantwell's, the jury will be unable to fairly evaluate the meaning and significance of Cantwell's conduct.

### III.     Conclusion.

This Court should deny the defendant's oral motion in limine to exclude testimony from an employee of the victim's local CPS agency.

September 16, 2020                                          Respectfully submitted,

                                                            Scott W. Murray
                                                            United States Attorney


                                               By:    /s/ Anna Z. Krasinski
                                                      Anna Z. Krasinski
                                                      John S. Davis
                                                      Assistant U.S. Attorneys
                                                      53 Pleasant Street, 4th Floor
                                                      Concord, NH  03301
                                                      (603) 225-1552