UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:20-cr-00006-PB |
| | ) | |
| CHRISTOPHER CANTWELL | ) | |
| | ) | |

**UNITED STATES' OBJECTION TO DEFENDANT'S SUPPLEMENTAL EXHIBITS**

Under Local Rule 16.1(g) and the Court's Final Pretrial Order, the United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, submits the following objections to Defendant Christopher Cantwell's Proposed Supplemental Exhibits.

**I.     Introduction.**

Cantwell seeks to introduce his own jail calls and other recorded calls as evidence at trial. These exhibits should be excluded—they are self-serving inadmissible hearsay. Fed. R. Evid. 801. A party cannot offer his *own* statement as an "admission" because the statement is not being offered *against* the declarant. *See* Fed. R. Evid. 801(d); *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985) (noting that hearsay rule's requirement that admission be offered against a party is designed to exclude self-serving statements); *United States v. Sanjar*, 876 F.3d 725, 739 (5th Cir. 2017) (When offered by the government, a defendant's out-of-court statements are those of a party opponent and thus not hearsay. When offered by the defense, however, such statements are hearsay (the defendant, may, of course, reiterate the out-of-court statements on the stand if he chooses to testify." (internal citation omitted)).

Moreover, Rule 106 of the Federal Rules of evidence "does not compel admission of otherwise inadmissible hearsay evidence." *Phoenix Assoc. III v. Stone*, 60 F.3d 95, 103 (2d Cir. 1995) (internal quotation marks omitted); *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir.

1996) ("Because Zaidi's out-of-court statements do not fall within an exception to the hearsay rule, they are inadmissible, regardless of Rule 106."); *United States v. Quinones-Chaves*, 641 F. App'x 722, 725 (9th Cir. 2016) (noting that while due process forbids the government from introducing false evidence, "[i] does not, however, mandate that a court allow a defendant to place his inadmissible statements before the jury without subjecting [himself] to cross-examination." (citations and internal quotation marks omitted)); *see also United States v. Bauzo-Santiago*, 49 F. Supp. 3d 155, 158 (D.P.R. 2014) (although rule of completeness may be invoked as to otherwise inadmissible evidence, rule operates to ensure fairness where "misunderstanding or distortion" created by other people can only be averted by introduction of full text of out-of-court statement).

Subject to stipulations, the United States objects to all exhibits under Rule 901 of the Federal Rules of Evidence.

## II.     Objections to Defendant's Supplemental Exhibits

| A SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| A-14 | 401, 403, 404, 801 |
| A-15 | 401, 403, 404, 801 |

| B SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| B-16 | 401, 403, 404, 801 |
| B-17 | 401, 403, 404, 801 |
| B-18 | 401, 403, 404, 801 |
| B-19 | 401, 403, 404, 801 |
| B-20 | 401, 403, 404, 801 |

| C SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| C-1a | 401, 403, 404, 801 |
| C-1b | 401, 403, 404, 801 |
| C-1c | 401, 403, 404, 801 |
| C-7a | 401, 403, 404, 801, 901 |

| F SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| F-11a | 401, 403, 404, 801 |
| F-11b | 401, 403, 404, 801 |
| F-11c | 401, 403, 404, 801 |
| F-12a | 401, 403, 404, 801 |
| F-12b | 401, 403, 404, 801 |
| F-14a | 401, 403, 404, 801 |
| F-14b | 401, 403, 404, 801 |

| G SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| G-9 | 401, 403, 404, 801 |

| I SERIES | |
|---|---|
| **Exhibit Name** | **Objection – Federal Rules of Evidence:** |
| I-2a | 401, 403, 404, 801 |

September 21, 2020                                Respectfully submitted,

                                                Scott W. Murray
                                                United States Attorney

By:   /s/ Anna Z. Krasinski
        Anna Z. Krasinski
        John S. Davis
        Assistant U.S. Attorneys
        53 Pleasant Street, 4th Floor
        Concord, NH 03301
        (603) 225-1552