# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:20-cr-00006-PB |
| ) | |
| CHRISTOPHER CANTWELL ) | |
| ) | |

## GOVERNMENT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Under Rule 30(a) of the Federal Rules of Criminal Procedure, as well as Local Rule 30.1, the United States of America respectfully submits the following supplemental proposed jury instructions.

September 22, 2020                                        Respectfully submitted,

                                                          Scott W. Murray
                                                          United States Attorney

                                    By:    /s/ Anna Krasinski
                                           Anna Krasinski
                                           John S. Davis
                                           Assistant U.S. Attorneys
                                           53 Pleasant Street, 4th Floor
                                           Concord, NH  03301
                                           (603) 225-1552

Government's Proposed Jury Instruction No. 5

Provocation – Not a Defense

You have heard evidence that the alleged victim or others may have engaged in behavior that disrupted the defendant's live call-in radio show.  You have also heard evidence that Vic Mackey or others may have engaged in behavior that disrupted the defendant's website.  This evidence of other acts was admitted only for a limited purpose.  You may consider this evidence only for the purpose of understanding the context of the relationship between the defendant and the victim, Vic Mackey, or the Bowl Patrol.  You may not consider this evidence for any other purpose.  Justification, self-defense, and provocation are not defenses to the crimes the defendant is charged with here.[1]

---

[1] Affirmative defenses of justification, self-defense, or provocation are not defenses to extortion and cyberstalking.  *See United States v. Lebreault-Feliz*, 807 F.3d 1, 3-4 (1st Cir. 2015) (explaining elements of affirmative defenses of duress and necessity); *United States v. Sovie*, 133 F.3d 122, 126 (2d Cir. 1997) (no defense of provocation in extortion case).

Government's Proposed Jury Instruction No. 6

You have heard testimony and evidence that the victim may have made statements regarding violence and rape.  This evidence of other acts was admitted only for two limited purposes.  You may consider this evidence in assessing the victim's credibility.  You may also consider this evidence in evaluating the context of the defendant's statements to the victim and whether the defendant's statements constitute threats as distinguished from a political statement, idle talk, exaggeration, or something said in a joking manner.

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purposes that I described to you.

The victim is not on trial for committing these other acts.  You may not consider this evidence as proof that the victim has a bad character. The question before you is only whether the United States has proved, beyond a reasonable doubt, that the defendant committed the crimes charged in the indictment.[2]

---

[2] Mod. Crim. Jury Instr. 3 Cir. 2.23 (2018) (modified 404(b) instruction).