UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

        v.                              Case No. 20-cr-6-PB-1

<u>Christopher Cantwell</u>

<u>JURY INSTRUCTIONS</u>

<u>INTRODUCTION</u>

At this stage of the trial it my duty to instruct you on
the principles of law that you will apply in deciding this case.
It is your duty to follow these instructions during your
deliberations.  You should not single out any one instruction
but instead apply these instructions as a whole to the evidence
in this case.

<u>JURY SOLE JUDGES OF FACT</u>

You are the sole and exclusive judges of the facts.  You
must weigh the evidence that has been presented impartially,
without bias, without prejudice, and without sympathy.  You must
decide what the facts are, what the truth is, based upon the
evidence presented in the case.  You will decide the case by
applying the law as I give it to you in these instructions and
the facts as you find them to be from the evidence.

<u>CREDIBILITY OF WITNESSES</u>

In determining what the facts are and what the truth is,
you must necessarily assess the credibility of each witness and

determine what weight you will give to each witness's testimony.
By credibility, I mean the believability or the truthfulness of
a witness.

You should scrutinize all the testimony given, the
circumstances under which each witness has testified, and every
matter in evidence which tends to show whether a witness is or
is not worthy of belief.  Consider each witness's intelligence,
motive, state of mind, demeanor and manner while testifying.
Consider the witness's ability to see, hear, or know the matters
about which that witness has testified.  Consider whether the
witness had a good memory of what he or she has testified about.
Consider whether the witness had any reason for telling the
truth or not telling the truth, whether the witness had an
interest in the outcome of the case, whether the witness had
anything to gain or lose as a result of his or her testimony,
whether the witness had any friendship, relationship, or
animosity towards other individuals involved in the case, and
whether the witness's testimony was consistent or inconsistent
with the witness's own testimony and the testimony of other
witnesses.  Consider the extent to which, if any, the testimony
of each witness is either supported or contradicted by other
evidence in the case.

After assessing the credibility of each witness, you will
assign to the testimony of each witness, both under direct and
cross-examination, such weight as you deem proper.  You are not
required to believe the testimony of any witness simply because
that witness was under oath.  You may believe or disbelieve all

or part of the testimony of any witness.  It is within your
province to determine what testimony is worthy of belief and
what testimony may not be worthy of belief.

### CREDIBILITY OF GOVERNMENT AGENTS

During the trial you have heard several government agents
testify.  You should consider the testimony of a government
agent in the same manner as you consider the testimony of any
other witness in the case.  In no event should you give the
testimony of a government agent any more credibility or any less
credibility simply because that witness is a government agent.

### PRIOR INCONSISTENT STATEMENTS

The testimony of a witness may be discredited or, as we
sometimes say, impeached by showing that the witness previously
made statements which are different than, or inconsistent with,
his or her testimony here in court.  Inconsistent or
contradictory statements which are made by a witness outside of
court may be considered only to discredit or impeach the
credibility of the witness and not to establish the truth of
those earlier out-of-court statements.  You must decide what
weight, if any, should be given the testimony of a witness who
has made prior inconsistent or contradictory statements.  In
making this determination you may consider whether the witness
purposely made a false statement or whether it was an innocent
mistake; whether the inconsistency concerns an important fact,
or whether it had to do with a small detail; whether the witness

had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

If a person is shown to have knowingly testified falsely concerning any important or material matter, you have a right to distrust the testimony of such an individual concerning other matters.  You may reject all of the testimony of that witness or give it such weight or credibility as you may think it deserves.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight is to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## <u>WEIGHT OF THE EVIDENCE</u>

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party in litigation.  By the same token, the government is entitled to no less consideration.  All parties, whether the government or individuals, stand as equals at the bar of justice.

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side.  You will consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief.  You may find that the testimony of a small number of witnesses on a particular issue is more credible than the testimony of a greater number of witnesses on the other side of that issue.

4

In reviewing the evidence, you will consider the quality of the evidence and not the quantity.  It is not the number of witnesses or the quantity of testimony that is important, but the quality of the evidence that has been produced that is important.  You will consider all of the evidence no matter which side produced or elicited it, because there are no property rights in witnesses or in the evidence that is presented.

## STATEMENTS AND OBJECTIONS BY COUNSEL

During the trial you have heard certain statements, arguments and remarks from counsel.  These are intended to help you in understanding the evidence and in applying the law to this case.  However, if counsel have made any statements concerning the evidence that are contrary to your recollection of the evidence, then you must take your own recollection as to the evidence.  If counsel have made any statements concerning the law that are contrary to my instructions, you must take the law from me.  You are not to be concerned with the wisdom of any rule of law.  Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than the law as I give it to you in my instructions.

From time to time during the trial counsel have made objections.  This is a proper function to be performed by counsel on behalf of their respective clients.  You should not concern yourself with the fact that objections have been made,

nor with my rulings on those objections.  I must rule on objections and I have not intended to indicate in any way by my rulings or by what I have said what the verdict should be in this case.

In this case, as in all cases, I am completely neutral and impartial.  It is up to you to determine whether the defendant is guilty or not guilty based on the facts as you find them to be and the law as I give it to you.

## WHAT IS EVIDENCE

The direct evidence in this case consists of (1) the sworn testimony of the witnesses, both on direct and cross-examination, regardless of who may have called the witness; (2) the exhibits which have been received into evidence; and (3) any facts to which all lawyers have agreed or stipulated.

## WHAT IS NOT EVIDENCE

Certain things are not evidence and cannot be considered by you as evidence:

1.  Arguments and statements by lawyers are not evidence. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, you must rely on your memory.

2.  Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they

believe a question is improper under the rules of evidence.  You should not be influenced by objections or by my rulings on objections.

3.  Testimony that has been excluded or stricken, or that you have been instructed to disregard is not evidence and must not be considered.

4.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence which you may properly consider in deciding whether a defendant is guilty or not guilty.

Direct evidence is the testimony given by a witness about what that witness has seen, has heard or has observed, or what that witness knows based on personal knowledge.  Direct evidence also includes any exhibits that have been marked and any stipulations which have been agreed to by the lawyers for both sides.

Evidence may also be used to prove a fact by inference, and this is referred to as circumstantial evidence.  In other words, from examining direct evidence you may be able to draw certain inferences which are reasonable and justified based on your daily experience and common sense.  Such reasonable inferences constitute circumstantial evidence.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is up to you to decide how to weigh the evidence in this case.  However, the defendant cannot be found guilty of any crime based upon a hunch or a suspicion, even a strong one, or on what is probably the case.  He can only be found guilty if on the direct evidence and the reasonable inferences you draw from the direct evidence, you are satisfied that he is guilty of the crime beyond a reasonable doubt.

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE

During the trial, I may have instructed you that certain evidence was being admitted for a limited purpose. It is your duty to follow these instructions during your deliberations.

## PRESUMPTION OF INNOCENCE

The fact that an indictment has been returned against the defendant is not evidence of the defendant's guilt.  An indictment is merely a formal method of accusing an individual of a crime in order to bring that person to trial.  It is you who will determine whether the defendant is guilty or not guilty of the offenses charged based on a consideration of all the evidence presented and the law applicable to the case. Therefore, you must not consider the indictment in this case as any evidence of the guilt of this defendant, nor should you draw any inference from the fact that an indictment has been returned against him.

A defendant, although accused, begins a trial with a clean slate -- with no evidence against him.  The law permits nothing but the admissible evidence presented before you to be considered in support of any charge against the defendant.

The presumption of innocence alone is sufficient to acquit the defendant unless you are satisfied beyond a reasonable doubt that the defendant is guilty after a careful and impartial consideration of all of the evidence in the case.

### GOVERNMENT'S BURDEN OF PROOF - BEYOND A REASONABLE DOUBT

The burden is always on the government to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant.  The law does not impose upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

If, after careful and impartial consideration of all of the evidence in this case, you have a reasonable doubt as to whether the defendant is guilty of any charge, you must find the defendant not guilty on that charge.  If you view the evidence in the case as reasonably permitting either of two conclusions - - one consistent with innocence, the other consistent with guilt - you must adopt the conclusion that is consistent with innocence.

You must never find a defendant guilty based on mere suspicion, conjecture or guess.  Rather, you must decide the case on the evidence that is before you and on the reasonable inferences that can be drawn from that evidence.

## CONSIDER EACH COUNT SEPARATELY

A separate crime is charged in each count of the Indictment.  Each offense and the evidence pertaining to it should be considered separately.  The fact that you may find the defendant guilty or not guilty of one or more of the offenses charged should not control your verdict as to any other offense charged against the defendant.

The defendant is not on trial for any act or conduct not alleged in the Indictment.  Neither are you to be concerned with the guilt of any person or persons not on trial as a defendant in this case.

The defendant has pleaded not guilty to each charge in the Indictment.  This plea puts in issue each of the essential elements of the offenses as described in these instructions and imposes on the government the burden of establishing each of these elements by proof beyond a reasonable doubt.

## INDICTMENT

The Indictment in this case contains three counts.  Each count charges the defendant with a separate crime.  When you begin your deliberations, each of you will be provided with a copy of the Indictment containing the counts which are before you in this case.

Remember, with respect to each count in the Indictment, the prosecution must prove beyond a reasonable doubt that each essential element of the count existed in the manner charged in

that count before you may return a verdict of guilty with respect to that count.

## DATE OF OFFENSE - ON OR ABOUT

You will note that the Indictment charges that the offenses at issue were committed on or about certain dates.  The proof need not establish with certainty the exact date of an alleged offense when the term "on or about" is used.  It is sufficient if the evidence establishes beyond a reasonable doubt that the offense charged was committed on a date reasonably near the date alleged; that is, a date reasonably close in time to the date upon which the offense is alleged to have occurred.

## VENUE

In addition to the elements of each offense charged in the Indictment, you must consider with respect to each offense whether any act in furtherance of the offense was committed in New Hampshire.

In this regard, the government need not prove that the crime itself was committed in New Hampshire or that the defendant was present here.  Instead, the government need only prove by a preponderance of the evidence that at least one act in furtherance of one or more of the charged offenses was committed in New Hampshire.

## THE CHARGES

The Indictment charges the defendant, Christopher Cantwell, with one count of extortionate interstate communications, in violation of 18 U.S.C. § 875(b), one count of threatening to injure property or reputation, in violation of 18 U.S.C. § 875(d), and one count of cyberstalking, in violation of 18 U.S.C. § 2261A(2).

The Indictment refers to the alleged victim in each count as "Victim 1."  The government asserts that Victim 1 is Benjamin Lambert.  Lambert was also known by the online pseudonym "ChedderMane."

## COUNT ONE: EXTORTIONATE INTERSTATE COMMUNICATIONS ELEMENTS OF THE OFFENSE CHARGED – SECTION 875(b)

Count One of the Indictment charges that "on or about June 16, 2019, within the District of New Hampshire and elsewhere, the defendant, Christopher C. Cantwell, with intent to extort from Victim 1 a thing of value, namely, personal identifying information for a man known by the on-line pseudonym "VM," and for the purpose of issuing a threat and with knowledge that the communications would be viewed as a threat, transmitted a communication in interstate commerce containing a threat to injure the person of another."

In order to sustain its burden of proof for the crime of extortionate interstate communication as charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly transmitted a communication in interstate commerce;

<u>Second</u>, that the communication contained a threat to injure the person of another; and

<u>Third</u>, that the defendant transmitted the communication with the intent to extort money or something of value from any person.

I will now define several of the terms used in Count One.

To transmit something in "interstate commerce" means to send it from a place in one state to a place in another state.

A "threat" in this context is a serious statement expressing an intent to injure another person, which under the circumstances would cause apprehension in a reasonable person, as distinguished from a political statement, idle talk, exaggeration, or something said in a joking manner.  It is not

necessary to prove that the defendant actually intended to carry out the threat.

To act with an "intent to extort" means to act with the intent to obtain something of value from another person, with that person's consent, but induced by the wrongful use of threatened force, threatened violence, or fear.  An intent to extort by threat also requires that the defendant act with an intent to threaten.

In determining whether the defendant's communication was sent with the intent to extort, you may consider all the circumstances surrounding the making of the communication.  For example, you may consider the language, specificity, and frequency of the threat; the context in which the threat was made; the relationship between the defendant and the threat recipient; the recipient's response; any previous threat made by the defendant; and whether you believe the person making the statement was serious, as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner.

The term "thing of value" is anything of value and is not limited to money or tangible things with an identifiable price tag.

## <u>COUNT TWO – THREAT TO INJURE PROPERTY OR REPUTATION</u>
## <u>ELEMENTS OF THE OFFENSE CHARGED – SECTION 875(d)</u>

Count Two of the Indictment charges that "between on or about June 15, 2019, and on or about June 17, 2019, within the District of New Hampshire and elsewhere, the defendant, Christopher C. Cantwell, with intent to extort from Victim 1 a thing of value, namely, personal identifying information for a man known by the on-line pseudonym 'VM,' knowingly transmitted in interstate and foreign commerce communications containing a threat to injure the reputation of Victim 1 and a threat to accuse Victim 1 of a crime."

In order to sustain its burden of proof for the crime of threats to injury property or reputation as charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly transmitted a communication in interstate commerce;

<u>Second</u>, that the communication contained a threat to accuse another person of a crime or to injure the reputation of another person; and

Third, that the defendant transmitted the communication with the intent to extort money or something of value from any person.

With respect to Count Two, a threat is a serious statement expressing an intent to accuse another person of a crime or to injure the reputation of another person.  The previous definitions I gave for interstate commerce, intent to extort, and thing of value also apply to Count Two.

## COUNT THREE – CYBERSTALKING
## ELEMENTS OF THE OFFENSE CHARGED – SECTION 2261A(2)

Count Three of the Indictment charges that "between in or about June 15 and June 17, 2019, within the District of New Hampshire and elsewhere, the defendant, Christopher C. Cantwell, with the intent to harass and intimidate Victim 1, did use facilities of interstate and foreign commerce, including electronic communication services and telephone facilities, to engage in a course of conduct that placed Victim 1 in reasonable fear of serious bodily injury to Victim 1's spouse, and that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to Victim 1 and Victim 1's spouse."

In order to sustain its burden of proof for the crime of cyberstalking as charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant used facilities of interstate commerce, including an electronic communication service or system;

Second, that defendant used the electronic communication service or other facility of interstate commerce to engage in a course of conduct;

Third, that the defendant, while engaged in that course of conduct, acted with the intent to harass or intimidate Victim 1; and

Fourth, that the defendant's course of conduct placed Victim 1 in reasonable fear of serious bodily injury to his spouse, caused substantial emotional distress to Victim 1, or would be reasonably expected to cause substantial emotional distress to either Victim 1 or his spouse.

I will now define several of the terms used in Count Three.

Using "facilities of interstate commerce" means employing or utilizing any method of communication or transportation between one state and another, and includes, for example, using electronic cellular telephone networks, the mail, or the internet.

A "course of conduct" in this context is a pattern of conduct comprised of two or more acts, evidencing a continuity of purpose. You may consider each communication between the defendant and another person to be a separate act.  In order to find the defendant guilty, you are required to agree unanimously that the United States has proven beyond a reasonable doubt that the defendant engaged in a course of conduct.  While you are required to agree unanimously that the defendant engaged in two or more acts evidencing a continuity of purpose in order to find him guilty of this crime, you are not required to agree unanimously on which two or more acts constitute the course of conduct.

For you to find the defendant guilty of the crime charged, you must unanimously agree that the United States has proved beyond a reasonable doubt that:

(1)   The defendant's course of conduct placed Victim 1 in
      reasonable fear of serious bodily injury to his
      spouse;

(2)   The defendant's course of conduct caused substantial
      emotional distress to Victim 1; or

(3)   The defendant's course of conduct would be reasonably
      expected to cause substantial emotional distress to
      either Victim 1 or Victim 1's spouse.


The government must prove only one of the three means set
forth in the statute.

"Substantial emotional distress" means mental distress,
mental suffering or mental anguish, and includes depression,
dejection, shame, humiliation, mortification, shock, indignity,
embarrassment, grief, anxiety, worry, fright, disappointment,
nausea, and nervousness, as well as physical pain.

When considering whether the intended course of conduct
"would be reasonably expected to cause substantial emotional
distress" to a person, you must consider whether, in light of
the evidence presented in this case, a reasonable person in the
same or similar circumstances as Victim 1 or Victim 1's spouse
would suffer substantial emotional distress as a result of the
intended course of conduct, as defined in these instructions.

To act with "intent" means to act voluntarily and intelligently, not by ignorance, accident, or mistake, and with the specific intent or purpose of causing a desired result in a particular individual.  It is not enough merely to foresee that such a result is a likely consequence of repeated communications.  Moreover, a bad motive of some other kind, standing alone, is not enough.

Intent to "harass" means to act with the specific intent or purpose of causing an adverse emotional reaction in a specific person, not merely speech that happens to cause annoyance or insult.

Intent to "intimidate" means to act with the specific intent or purpose of putting a person in fear or apprehension of injury inflicted by a particular person.

## PROVOCATION – NOT A DEFENSE

You have heard evidence that Victim 1 and others have engaged in behavior that disrupted the defendant's live call-in radio show.  You have also heard evidence that Vic Mackey or others may have engaged in behavior that disrupted the defendant's website. You may consider this evidence only for the purpose of understanding all of the circumstances surrounding the making of the communications at issue in this case, including, for example, the language, specificity, of the

communications; the context surrounding the communications; the relationship between the defendant and Victim 1; Victim 1's response; any previous communications between the defendant and Victim 1; and whether you believe the person making the communications was serious, as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner.  You may not consider this evidence for any other purpose.

Remember, the defendant cannot be found guilty of any charge unless the government proves every element of the charge beyond a reasonable doubt. That burden never switches to the defendant.  If, however, the government proves every element of a charge beyond a reasonable doubt, evidence of provocation, justification, or self-defense does not negate the defendant's criminal culpability with respect to that charge.

## IGNORANCE OF THE LAW - NOT A DEFENSE

The government is not required to prove that the defendant knew that he was violating the law.  Ignorance of the law is not a defense to the charges alleged in the Indictment.

## CONCLUSION

The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this

case which is important to both of the parties.  You are to
exercise your judgment and common sense without prejudice,
without sympathy, but with honesty and understanding.  You
should be conscientious in your determination of a just result
in this case because that is your highest duty as officers of
this court.  Remember also that the question before you can
never be:  will the government win or lose the case?  The
government always wins when justice is done, regardless of
whether the verdict be guilty or not guilty.

When you have considered and weighed all the evidence, you
must make one of the following findings with respect to each
count:

1.  If you have a reasonable doubt as to whether the
government has proved any one or more of the essential elements
of the crime charged, it is your duty to find the defendant not
guilty.

2.  If you find that the government has proved all the
essential elements of the crime charged beyond a reasonable
doubt, then you may find the defendant guilty.

A.   PUNISHMENT - IRRELEVANT

The punishment provided by law for the offenses charged in
the Indictment is exclusively my responsibility and should never
be considered by you in any way in arriving at an impartial
verdict.

B.   SELECTION OF FOREPERSON

When you retire, you should elect one member of the jury as your foreperson.  That individual will act very much like the chairman of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions and arguments on the evidence and on the law.

C.   VERDICT MUST BE UNANIMOUS

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous as to each count.

D.   DELIBERATIONS

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.  Each of you must decide the case for yourself but only after an impartial consideration of the evidence in the case with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own views and to change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely for the purpose of returning a verdict.

Always remember that you are not partisans. You are judges
of the facts.  Your sole interest is to seek the truth from the
evidence in the case.  If during your deliberations it becomes
necessary to communicate with me, you may do so only in writing,
signed by the foreperson or by one or more members of the jury.
Give that note to the marshal and he will bring it to my
attention.  No member of the jury should ever attempt to
communicate with me except by a signed writing, and I will
communicate with you on anything concerning the case either in
writing or orally in the courtroom.  Remember that you are not
to tell anyone, including me, how the jury stands, numerically
or otherwise, on the matters you are deciding, until after you
have reached a unanimous verdict or have been discharged.

Nothing said in these instructions is intended to suggest
or to convey in anyway or manner what your verdict should be.
The verdict is your sole and exclusive duty and responsibility.

When you have arrived at a verdict, notify the marshal and
you will be returned to the courtroom where the foreperson will
render the verdicts orally.