UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.                                                                      No. 20-CR-00006-PB

CHRISTOPHER CANTWELL

### ASSENTED-TO MOTION TO COMPLETE THE RECORD

The defendant, Christopher Cantwell, by and through his counsel, Jeffrey S. Levin and Eric Wolpin, AFPDs, files this motion to complete the record regarding an objection the defense made to a jury instruction titled 'Provocation – Not a Defense." The government assents. As grounds it is stated:

On Thursday, September 24, 2020, after the defense rested its case, the Court gave the parties a draft set of proposed jury instructions which included an instruction titled "Provocation - Not a Defense." *See* Exhibit A (excerpt from Court's draft jury instructions). The Court's proposed jury instruction stated as follows:

> ***PROVOCATION - NOT A DEFENSE***
>
> *You have heard evidence that Victim 1 and others have engaged in behavior that disrupted the defendant's live call-in radio show. You have also heard evidence that Vic Mackey or others may have engaged in behavior that disrupted the defendant's website. This evidence of other acts was admitted only for a limited purpose. You may consider this evidence only for the purpose of understanding the context of the relationship between the defendant and Victim 1. You may not consider this evidence for any other purpose. Justification, self-defense, and provocation are not defenses to the crimes the defendant is charged with here.*

*Id.* Defense counsel indicated that it would object to the instruction.

On Friday, September 25, 2020, defense counsel orally objected to the proposed jury instruction , citing *In Re Winship*, 397 U.S. 358 (1970) for the proposition that the defendant has a due process right against conviction except upon proof beyond a reasonable doubt of every fact

1

necessary to constitute the crime charged; and citing as well two Second Circuit cases, *U.S. v. Abelis*, 146 F.3d 73 (2nd Cir. 1998) and *U.S. v. Absolam*, 305 Fed. App'x 786 (2nd Cir. 2009), for the proposition that a jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law.

The Court noted the defendant's objection and invited defense counsel to propose alternate language. Defense counsel submitted alternate language for the instruction by email to the Court and parties. *See* Exhibit B. Defense counsel's proposed language for the instruction was as follows:

> *You have heard evidence that Victim 1 and others engaged in behavior that disrupted the defendant's live call-in radio show. You also heard evidence that Vic Mackey or others may have engaged in behavior that disrupted the defendant's website. Evidence of provocation may be relied upon by you to determine whether the government has met its burden to prove beyond a reasonable doubt every element of each of the charges in this case. If you find that the government has met its burden of proving beyond a reasonable doubt every element of the charges, however, then evidence of provocation does not negate the defendant's criminal culpability.*
>
> *You may consider evidence of provocation for the purpose of understanding all the circumstances surrounding the making of the communication, including, for example, the language, specificity, and frequency of the communication; the context in which the communication was made; the relationship between the defendant and Victim 1; Victim 1's response; any previous communications between the defendant and Victim 1; and whether you believe the person making the communication was serious, as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner. You may not consider evidence of provocation for any other purpose.*

Exhibit B.

The Court noted the submission of the defense's alternate instruction and the defendant's preference that no instruction be given on this point.

The government assents to the granting of this motion. No separate memorandum is filed as all points are contained herein.

Wherefore, the defendant through his counsel moves the Court to complete the record by allowing this motion along with the attached exhibits and for such other relief as may be deemed just.

Date: September 28, 2020                                          Respectfully Submitted,

                                                                                     */s/ Eric Wolpin*
                                                                                     Eric Wolpin
                                                                                     N.H. Bar No. 18372
                                                                                     */s/ Jeff Levin*
                                                                                     Jeff Levin
                                                                                     N.H. Bar No. 12901
                                                                                     Assistant Federal Defenders
                                                                                     Federal Defender Office
                                                                                     22 Bridge Street
                                                                                     Concord, NH 03301
                                                                                     Tel. (603) 226-7360
                                                                                     E-mail: jeff_levin@fd.org

CERTIFICATE OF SERVICE

I hereby certify that the above document was served on September 28, 2020 to all counsel of record and in the manner specified herein: through CM/ECF.

                                                                                     */s/ Jeff Levin*