UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 1:20-cr-06-PB |
| v. ) | |
| ) | |
| CHRISTOPHER CANTWELL ) | |
| ) | |

**Assented-to Motion to Allow the Victim
to Attend the Sentencing Hearing by Video**

The United States of America, by Scott W. Murray, United States Attorney for the District of New Hampshire, hereby moves to allow the victim of the offense to attend the sentencing hearing by video. In support of its motion, the government states as follows:

1. After trial, a jury convicted the defendant of extortionate interstate communications, in violation of 18 U.S.C. § 875(b), and threatening to injure person or reputation, in violation of 18 U.S.C. § 875(d).

2. The sentencing hearing is scheduled for February 24, 2021, at 10:00 am.

3. Mr. Lambert, a victim of both offenses, would like to attend the sentencing hearing. However, in light of the risk of exposure to COVID-19 associated with traveling from Missouri to New Hampshire, and the burden quarantining would place on Mr. Lambert and his family, the United States requests that Mr. Lambert be permitted to attend the sentencing hearing by video. Mr. Lambert intends to submit a victim impact letter but, at this time, does not seek to address the Court at sentencing.

4. As this Court has recognized, the world is in the midst of a pandemic. Since the first announced case of COVID-19 in New Hampshire on March 2, 2020, the state has reported that over 70,000 people have tested positive for COVID-19. New Hampshire Dep't of Health and Human Services, COVID-19, *available at*

https://www.nh.gov/covid19/index.htm (last visited February 22, 2021). The state has attributed more than 1,000 deaths to the disease. *Id.* Nationally, the number of confirmed cases has grown to over 28,000,000 with more than 499,000 resulting in death. Johns Hopkins University of Medicine Coronavirus Resource Center, *available at* https://coronavirus.jhu.edu/ (last visited February 22, 2021).

5. In light of the pandemic, the state guidance requires those traveling from outside of New England to self-quarantine for at least 7 days (with a negative COVID-19 test) and up to 14 days. New Hampshire, Out-of-state Visitors, *available at* https://www.covidguidance.nh.gov/out-state-visitors (last visited February 22, 2021). Similarly, access to the courthouse is restricted to those traveling from outside of New England unless the individual complies with the Court's quarantine requirements (or as otherwise pre-approved by the presiding judge). Standing Order ADM-1, Order 20-33. While Missouri does not appear to have a quarantine requirement for those traveling from out of state, it is prudent to quarantine after any significant travel.

6. Mr. Lambert's employment requires public interaction. Requiring Mr. Lambert to appear at the sentencing hearing in person, and the attendant quarantine requirements, would place a financial burden on his family; Mr. Lambert would not be able to work while quarantining or while attending the hearing.[1]

7. Moreover, travel increases his risk of exposure of COVID-19. This risk is significant because

---

[1] If he attended the sentencing hearing in person, the victim presumably would incur transportation expenses recoverable in restitution from the defendant. *See* 18 U.S.C. § 3663A(b)(4) (requiring reimbursement for "transportation" incurred during "attendance at proceedings related to the offense.").

8.  Victims have a right to be present at public court proceedings involving the crime. 18 USC 3771(a)(3); *see also* Fed. R. Crim. P. 60.  In other contexts, the Federal Rules of Criminal Procedure recognize that courts may need to fashion reasonable procedures to give effect to a victim's rights.  *See* Fed. R. Crim. P. 60, advisory committee notes ("Where there are too many victims to accord each the rights provided by the statute, the district court is given the authority to fashion a reasonable procedure to give effect to the rights without unduly complicating or prolonging the proceedings."); Fed. R. Crim. P. 60(a)(2) ("The court must not exclude a victim from a public court proceeding involving the crime, unless the court determines by clear and convincing evidence that the victim's testimony would be materially altered if the victim heard other testimony at that proceeding.").  And while the Federal Rules of Criminal Procedure do not explicitly

recognize the right of a victim to appear by video teleconference, the advisory committee notes to Rule 53, the rule that prohibits broadcasting of judicial proceedings from the courtroom, acknowledges that the use of video teleconferencing may be permissible for limited purposes.  Fed. R. Crim. P. 53, advisory committee notes.

9. Allowing Mr. Lambert to appear by video is the type of reasonable procedure that the Federal Rules of Criminal Procedure envision, and the United States respectfully request that the Court allow Mr. Lambert to attend the sentencing hearing by video.  To be clear, the United States is not requesting authorization for any other individual to attend the sentencing by video.

10. Counsel for the defendant assents to allowing Mr. Lambert to attend the sentencing by video.  The defendant opposes allowing other individuals to attend by video.

## Conclusion

11. For the reasons stated, the United States respectfully requests that the Court allow Mr. Lambert to attend the sentencing by video teleconference.

Dated: February 22, 2021

Respectfully submitted,

Scott W. Murray
United States Attorney

By:   /s/ Anna Z. Krasinski
Anna Z. Krasinski
John S. Davis
Assistant U.S. Attorneys
53 Pleasant Street, 4th Floor
Concord, NH  03301
(603) 225-1552