**\*\*NO COPY OF THIS TRANSCRIPT MAY BE MADE PRIOR TO AUGUST 2, 2021**

```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE


* * * * * * * * * * * * * * * * * * *
                                    *
UNITED STATES OF AMERICA            *   20-cr-06-01-PB
                                    *   January 23, 2020
            v.                      *   3:07 p.m.
                                    *
      CHRISTOPHER CANTWELL          *
                                    *
* * * * * * * * * * * * * * * * * *


       TRANSCRIPT OF FTR RECORDED INITIAL APPEARANCE/ARRAIGNMENT
             BEFORE THE HONORABLE ANDREA K. JOHNSTONE


APPEARANCES:



For the Government:       John S. Davis, AUSA
                          Anna Z. Krasinski, AUSA
                          U.S. Attorney's Office




For the Defendant:        Eric Wolpin, Esq.
                          Federal Defenders Office




Probation:                Janice Benard
```

```
 1                    P R O C E E D I N G S
 2              THE CLERK:  This Court is now in session and has
 3    before it for consideration a first appearance and arraignment
 4    in 20-cr-06-01-PB, United States of America versus Christopher
 5    Cantwell.
 6              THE COURT:  Good afternoon, Mr. Cantwell.
 7              THE DEFENDANT:  Good afternoon.
 8              THE COURT:  Mr. Cantwell, I'm going to review some
 9    rights with you and then I'm going to review with you the
10    circumstances that bring you before the Court today.  All
11    right?  So let me begin by reviewing rights with you.
12              You're not required to make any statement in this
13    matter.  If you start to make a statement, you have the right
14    to stop at any time.  Anything that you say can be used
15    against you.
16              Do you understand those rights, sir?
17              THE DEFENDANT:  Yes.
18              THE COURT:  You also have the right to counsel at
19    every step in the proceedings.  You can hire your own
20    attorney, or if you cannot afford to hire your own lawyer, you
21    can apply to the Court and the Court will appoint an attorney
22    for you.
23              Do you understand that right?
24              THE DEFENDANT:  Yes.
25              THE COURT:  Now, Mr. Cantwell, on this case you've
```

```
 1  asked the Court to appoint an attorney for you and you've
 2  provided the Court with a financial affidavit, and so I need
 3  to ask you under penalties of perjury is the information in
 4  your financial affidavit true?
 5              THE DEFENDANT:  To the best of my knowledge it is
 6  roughly accurate.
 7              THE COURT:  Okay.  So I'm going to take that as a
 8  yes.
 9              THE DEFENDANT:  It is.
10              THE COURT:  All right.  And if you remember any
11  changes -- if there are any changes that come to mind later,
12  just advise your attorney.
13              THE DEFENDANT:  Okay.
14              THE COURT:  Okay?  All right.
15              So based on your request, Mr. Cantwell, and the
16  information in your financial affidavit, the Court appoints
17  Attorney Wolpin as your counsel in this case under the
18  Criminal Justice Act.
19              Now, Mr. Cantwell, you've been brought before the
20  Court today because a grand jury has brought an indictment
21  against you charging you with extortionate interstate
22  communications in violation of Title 18 United States Code
23  Section 875(b) and threatening interstate communications in
24  violation of Title 18 United States Code Section 875(c).
25              Have you received a copy of the indictment?
```

```
 1                THE DEFENDANT:  My attorney had it.
 2                THE COURT:  So Attorney Wolpin, did you have an
 3    opportunity to review the charges in the indictment with Mr.
 4    Cantwell?
 5                MR. WOLPIN:  I did, your Honor.
 6                THE COURT:  And are you satisfied that he
 7    understands the nature of the charges?
 8                MR. WOLPIN:  Yes.
 9                THE COURT:  Does he waive a public reading of the
10    charges at this time?
11                MR. WOLPIN:  He would.
12                THE COURT:  And how does your client now plead?
13                MR. WOLPIN:  Not guilty, your Honor.
14                THE COURT:  Does the government have an estimated
15    length of trial?
16                MR. DAVIS:  Four days.
17                THE COURT:  Okay.  Thank you.
18                Trial in this matter is set before Judge Barbadoro
19    during the two-week period beginning March 3, 2020.
20                The Court understands that probation has not yet
21    had an opportunity to conduct a pretrial services interview.
22                The Court also understands that the government is
23    asking for its three days; is that correct?
24                MR. DAVIS:  Yes, your Honor.
25                THE COURT:  All right.  So upon the motion of the
```

1  government, it is ordered that the detention hearing in this
2  matter be set for January 28, 2020, that's Tuesday, at 2
3  o'clock p.m.  It will be here in this court.
4            What that means for you, Mr. Cantwell, is that you
5  will be temporarily detained until we can have that detention
6  hearing on Tuesday.  You'll be held in the custody of the
7  United States Marshal or other authorized representative and
8  you'll be produced for the hearing on that date, okay?
9            THE DEFENDANT:  Okay.
10           THE COURT:  So I note that we are currently
11 scheduled to have that hearing at 2 o'clock.  I don't know if
12 there's enough time for Mr. Cantwell to be interviewed by
13 probation today or if he can be brought to the courthouse
14 early enough so that that can happen with sufficient time for
15 a report to be prepared for a hearing at 2 o'clock on Tuesday,
16 but I would just ask counsel to think about that.
17           MR. WOLPIN:  Your Honor, we would ask that he be
18 brought in ahead of the court hearing with enough time for us
19 to do that on Tuesday if at all possible.  Considering the
20 hearing is later in the afternoon, if they could bring him at
21 11:00 or 10:00, that usually would provide us enough time to
22 have that interview with probation.
23           THE COURT:  I would encourage the parties to make
24 sure that they're available to do that if that's ultimately
25 what they wish to do as opposed to having the interview

```
 1   conducted today.
 2           MR. WOLPIN:  Your Honor, I would make one
 3   additional request.
 4           Obviously the government is making a motion under
 5   3142(f) to detain him today.
 6           I would just ask that they be asked to identify
 7   under which subsection so we can prepare what the basis is for
 8   the detention.  But I think if it's a motion, which is what
 9   the statute says, I think they need to identify which of the
10   essentially seven factors are the bases for the expected
11   detention.
12           MS. KRASINSKI:  Your Honor, these crimes constitute
13   crimes of violence under subsection (f)(1)(A).
14           MR. WOLPIN:  Thank you.
15           THE COURT:  All right.  Very good.  Is there
16   anything else that needs to be addressed with the Court at
17   this time?
18           MR. DAVIS:  No, your Honor.
19           THE COURT:  All right.  So in the event that
20   probation has not completed its interview in time for
21   2 o'clock, the hearing will just get pushed back.
22           MR. DAVIS:  Thank you.
23           THE COURT:  All right.  Thank you.
24           (Conclusion of hearing at 3:13 p.m.)
25
```

C E R T I F I C A T E

I, Susan M. Bateman, do hereby certify that the foregoing transcript is a true and accurate transcription of the within proceedings to the best of my knowledge, skill, ability and belief.

Submitted: 5-4-21         /s/    Susan M. Bateman _____
                          SUSAN M. BATEMAN, RPR, CRR