```
 1                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEW HAMPSHIRE
 2

 3      * * * * * * * * * * * * * * * * *
                                         *
 4      UNITED STATES OF AMERICA         *
                                         *
 5                                       *  No. 1:20-cr-00006-PB
                   v.                    *  September 17, 2020
 6                                       *  1:30 p.m.
                                         *
 7      CHRISTOPHER CANTWELL,            *
                                         *
 8                 Defendant.            *
                                         *
 9      * * * * * * * * * * * * * * * * *

10
                  TRANSCRIPT OF TELEPHONE CONFERENCE
11
               BEFORE THE HONORABLE PAUL J. BARBADORO
12


13

        APPEARANCES:
14


15      For the Government:    AUSA John S. Davis (Via telephone)
                                AUSA Anna Z. Krasinski, Esq.
16                              (Via telephone)
                                U.S. Attorney's Office
17
        For the Defendant:     Eric Wolpin, Esq.  (Via telephone)
18                              Jeffrey S. Levin, Esq. (Via telephone)
                                Federal Defender Office
19


20
        Court Reporter:        Brenda K. Hancock, RMR, CRR
21                              Official Court Reporter
                                United States District Court
22                              55 Pleasant Street
                                Concord, NH 03301
23                              (603) 225-1454

24

25
```

P R O C E E D I N G S

THE CLERK: For the record, <u>The United States of America versus Christopher Cantwell</u>, criminal case number 20-cr-06-1-PB.

THE COURT: All right. Great. We're going to tomorrow have a hearing on the motions *in limine*, so I won't plan to discuss most of those in any depth, unless you want to talk about them, but I did want to take up an issue that came up at the end of jury selection regarding the government's proposed first witness, the CPS employee. The government proposed a minor deviation from the quarantine and testing protocol we had proposed for witnesses. I had a chance to review that issue with my colleagues, and we are in agreement that that's an acceptable deviation, given that she's going to be here for only a limited period of time, will be testifying at a specified point in the proceedings, and will be on and off the witness stand relatively quickly. So, I am prepared to allow that deviation from our ordinary quarantine and testing protocol. She will, of course, comply with the protocol you've proposed.

There is a second issue, and that is the defense has moved *in limine* to bar the witness from testifying. Because that will be the government's first witness, I think I should take that up with the parties now and address that now so I can give you an answer in time to change plans, if necessary.

1       MR. DAVIS: Judge, can I just say, Judge, and I'm
2  sorry. I should have told you this. The defense agreed after
3  our jury selection to two-way video for that particular CPS
4  witness, and we're actually going to have a call tomorrow at
5  8:30, like a test call with St. Louis, and so our expectation
6  now is that that witness will not travel, again, assuming the
7  Court allows testimony, but is going to be in St. Louis, and
8  the defendant is willing to waive confrontation clause. I
9  appreciate the defense attorneys agreeing to that.
10      So, again, I apologize, because I should have told you
11 that that's what we want to do, now that the defense will
12 stipulate.
13      THE COURT: All right. Well, I appreciate that. You
14 mentioned that it was under consideration, but I didn't get the
15 word that an agreement had been reached. That's fine. I did
16 take it up with my colleagues but haven't spent an inordinate
17 amount of time studying that issue. But the defense still has
18 an objection to the defense testifying at all on 401 and 403
19 grounds.
20      MR. DAVIS: Right.
21      THE COURT: It's a little easier now that we know she
22 doesn't have to travel. If you want, I can postpone that
23 discussion until tomorrow, or I can hear both parties on it and
24 rule on it today. I can't remember which defense attorney had
25 the lead on this, but whoever does, what's your preference? Do

1   you want to take it up today or take it up tomorrow?
2           MR. WOLPIN:  Probably tomorrow, just because I think
3   tomorrow's hearing we'll have the defendant present as well, so
4   if I have a choice of having a hearing with or without, I'll
5   pick with.
6           THE COURT:  That's fine.  We'll just put off the
7   discussion on that until tomorrow.  I was only planning to
8   bring it up because of expediency concerns.
9           I'm well on the way to finishing a first cut at the
10  jury instructions.  I might be able to share that with the
11  parties before tomorrow's hearing, but if I don't I'll
12  definitely have it for you before the trial starts.
13          For those who are interested I've relied heavily on
14  Judge Laplante's instructions in two cases, one in which he did
15  the extortionate threat charge, and one he did cyberstalking
16  on.  I've made some modifications, obviously, but that's where
17  I'm taking it as my model, and I'll try to have those for you
18  as soon as possible.
19          What other matters, if any, do the parties want to
20  take up with me today?  Other than the motions *in limine* and
21  the jury instructions, are there any other problems people are
22  encountering, any issues they want to take up with me, anything
23  at all to make sure that the trial proceeds as planned?
24          MR. DAVIS:  So, Judge, from the government's
25  perspective, a couple of things.  We will file a joint

|    |    |
|----|----|
| 1  | stipulation I hope this afternoon.  We have reached an |
| 2  | agreement with the defense about authentication and |
| 3  | authentication of proposed exhibits, a lot of exhibits on both |
| 4  | lists, and although I'm sure both parties will be objecting on |
| 5  | other grounds and have objected, we will not have to call |
| 6  | authentication witnesses regarding a number of the documents |
| 7  | for both sides.  So, that should streamline the trial, and we |
| 8  | will file that shortly.  The other thing to mention is that we |
| 9  | did file a motion for two-way live video of the victim's |
| 10 | spouse.  I don't know if that's reached the Court yet. |
| 11 |       THE COURT:  I haven't seen it. |
| 12 |       MR. DAVIS:  But that was filed this morning, and |
| 13 | that's our final attempt to try to preserve the testimony of |
| 14 | the victim's spouse.  But, anyway, just to flag that, we're |
| 15 | happy to discuss that tomorrow, if the defense has had enough |
| 16 | time, but we just filed that this morning. |
| 17 |       THE COURT:  All right.  And you anticipate an |
| 18 | objection from the defense -- |
| 19 |       MR. DAVIS:  Yes. |
| 20 |       THE COURT:  -- confrontation.  So, your argument is |
| 21 | that whatever you have in that motion is that it doesn't |
| 22 | violate the defendant's confrontation clause right, to allow |
| 23 | testimony by video over the defendant's objection? |
| 24 |       MR. DAVIS:  Correct.  It's all a confrontation clause |
| 25 | issue.  Correct. |

1          THE COURT: All right. Well, that's an interesting
2     challenge you've set for yourself, and I'm open to hearing it,
3     and we'll go from there, but I imagine that the defendants may
4     want a little more time to marshal their arguments since it was
5     just filed today. We could take it up on Monday. That would
6     at least give the defendants the weekend. But you basically
7     have decided you're not going to have her travel here.
8          MR. DAVIS: Correct. We made every effort, Judge, and
9     we recently were advised that she, at least voluntarily, does
10    not want to travel because of the risk. She's very willing to
11    testify. It's not a lack of cooperation, but she is not going
12    to travel, and we're not going to make her travel.
13         THE COURT: Yeah, I get it, and it's unfortunate that
14    the issue came up so close to the time of trial, but it is what
15    it is. I guess she's in the first trimester, and maybe you
16    folks didn't become aware of it in time to have raised it well
17    in advance of the trial, when perhaps we could have figured out
18    a way to do a Rule 15 deposition, but I just did not feel
19    comfortable in spending both trial fees and defendants out on
20    interstate travel so close to the time of trial. It didn't
21    make sense to me. So, it is what it is. I'll deal with it,
22    and I'll rule. Will the defendant be ready to be heard on that
23    say Monday, Monday afternoon, if we put something on then?
24         MR. WOLPIN: Yes. Obviously, this wasn't an area that
25    we thought was going to arise, so I'm not prepared and wouldn't

1  be prepared tomorrow to deal with it.
2          THE COURT:  Monday afternoon okay?
3          MR. WOLPIN:  Yeah.
4          THE COURT:  So, we'll schedule a video conference for
5  argument on that, and I'll rule from the bench after that
6  argument on that particular issue.
7          What else have you got, if anything, Mr. Davis?
8          MR. DAVIS:  I'll defer to Ms. Krasinski.
9          THE COURT:  Oh, all right.  I didn't realize you were
10 back.  Ms. Krasinski, what else have you got?
11         MS. KRASINSKI:  Nothing other than to update you on my
12 own quarantine result.  I took a COVID test on Monday, which is
13 earlier than the five days because I had been informed that, at
14 least for attorney purposes, we're not allowed to use the
15 government's contract, and our -- the State's test results are
16 coming in a little bit slower.  So, I've gotten my negative
17 results from Monday's test.  I also took another test at the
18 conclusion of my five-day quarantine, and I'm awaiting the
19 results of that and hope to have that before Tuesday, but I do
20 have the negative test results from after three days of
21 quarantining.
22         THE COURT:  All right.  I appreciate that, and I'm
23 sorry to hear about your grandmother.  I know that you had
24 plans to bring her up to live in New Hampshire with your mother
25 and sister, and I'm sure it was a terrible sadness that you

must have felt on this unexpected event.  So, I'm very sorry for that and I'm glad to know that you're going to be back able to join the trial as scheduled.

MS. KRASINSKI:  Thank you.

THE COURT:  Is there anything else from the government that we need to be talking about?

MR. DAVIS:  I don't think so, Judge.

THE COURT:  How about from the defense?  Any issues you want to take up today?

MR. WOLPIN:  No, your Honor.  I think the motions *in limine* cover most of our pretrial issues.

THE COURT:  All right.  Good.  I just want to emphasize don't expect definitive rulings from me on most of these motions *in limine*.  You can get guidance, but anyone who wants to preserve an issue addressed in a motion *in limine* has to raise it with me during the trial at the appropriate time, unless I have made clear to them that they need not take further action to preserve the issue.  I follow that practice because I have found over the years that many motions *in limine* are purely hypothetical, they never even arise during the trial, and they just create issues that never would come up if you wait until the evidence is actually unfolding.  But, secondly, I want to get my ruling on those issues right, and I've found over the years that I am most likely to make the correct ruling when I know as much as possible about the

context in which the motion arises.  So, I'll try to provide tentative guidance, but I cannot guarantee and am unlikely to provide any definitive pretrial rulings on those motions.  I'll hear argument on them, you'll get my tentative response, and then you'll decide how to handle it when the issue comes up. Of course, if something is the subject of a motion *in limine* and I have not clearly authorized the behavior that is subject of the motion *in limine*, the proponent of the evidence needs to note that there's on outstanding motion *in limine* and the party pressing the motion needs to raise it with me before the evidence is elicited so that we can ensure that I have an opportunity before.

Okay, so that covers pretty much everything on my agenda.  It sounds like we're continuing to be on schedule, that we'll move ahead with the evidence on Tuesday morning.

And I really appreciate the cooperation the parties are showing with respect to nonconsequential matters.  It's clear to me that the defense has a defense here, it's a defense that might well succeed, and let's keep the focus on the government keeping focus on the elements of the offense and the defense on why the evidence doesn't support those elements and what defense the defendants are pressing and not waste the jury's time on other matters, and we'll get the trial in efficiently and fairly, and we'll get a good result.  So, I appreciate the cooperation on these other inconsequential

1   matters.
2           Okay.  Well, I will see you on the videoconference
3   tomorrow afternoon, and we'll deal with the motions *in limine*
4   at that time, and that concludes this telephone conference.
5   Thank you.
6           MR. LEVIN:  Thank you, your Honor.
7       (WHEREUPON, the proceedings adjourned at 1:47 p.m.)

C E R T I F I C A T E

I, Brenda K. Hancock, RMR, CRR and Official Court Reporter of the United States District Court, do hereby certify that the foregoing transcript constitutes, to the best of my skill and ability, a true and accurate transcription of the within proceedings.

Date:  ___5/17/21___           /s/ *Brenda K. Hancock*
                               Brenda K. Hancock, RMR, CRR
                               Official Court Reporter